UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDWARD VALLEJO,<br>      *Defendant*. | No. 22-cr-15 (APM) |

MOTION TO DISMISS COUNT ONE AND TO
STRIKE ANY REMAINING SURPLUSSAGE

  Defendant Edward Vallejo respectfully moves to dismiss Count One of the Indictment and to strike any allegations not pertaining to any surviving portion of Count One, and states as follows.

## BACKGROUND

  On January 12, 2022, Defendant Edward Vallejo was added to a superseding indictment. ECF 1. Count One of the Indictment alleges that Vallejo and members of the Oath Keepers conspired "by force to prevent, hinder, and delay the execution of any law of the United States" in violation of 18 U.S.C. § 2384. *Id*. at 8 ¶ 15. The purpose of the conspiracy was allegedly to "oppose the lawful transfer of presidential power by force, by preventing, hindering, or delaying by force the execution of the laws governing the transfer of power, including the Twelfth and Twentieth Amendments to the Constitution and Title 3, Section 15 of the United States Code." *Id*. at 8 ¶ 16. The Twelfth Amendment concerns the certification of electoral votes; the Twentieth Amendment specifies January 20th as the end of presidential terms; and 3 U.S.C. § 15 describes the rules of procedure governing the certification of electoral votes. No other laws are listed.

1

**ARGUMENT**

I. **The Listed Authorities Are Not Laws "Executed" Under the Meaning of Section 2384**

    A. **The rules and procedures governing the counting of electoral votes are not laws "executed" under § 2384**

The relevant portion of § 2384 prohibits conspiracies to oppose by force the execution of any United States law. As explained more fully in the motion to dismiss filed by Defendant Caldwell, Dkt. 84, neither the Twelfth Amendment nor 3 U.S.C. § 15 are laws "executed" by government officers within the meaning of § 2384. Both concern the rules and procedures for the ceremonial counting of electoral ballots in a session of Congress, and are *obeyed* by members of Congress, not "executed" by them. The opposite is true of laws that actually fall under § 2384: such laws are obeyed by the public and executed by officers of the government upon them.

To the excellent points and authorities in Defendant Caldwell's motion, Defendant Vallejo would simply note that any other conclusion would place § 2384 in fatal tension with 18 U.S.C. 1512(c) and (k), the statutes underlying Counts Two and Three. In defending those counts across numerous January 6th prosecutions, the government has urged that the certification of electoral results by Congress is an "official proceeding" before Congress of the kind and solemnity reflected in the other judicial proceedings listed in 18 U.S.C. § 1515. But judicial proceedings do not execute laws; they evaluative processes that cannot be squeezed into the language of § 2384.

This should not be controversial: A criminal charged with kidnapping who forcibly interferes with a trial to determine his legal status—guilty or innocent of kidnapping—has interfered with a judicial process, not with the execution of kidnapping law. Likewise, a conspirator who interferes with the certification process to determine President Trump's legal status—president-elect or former president—has interfered with a process, not with the execution of laws governing presidential succession. Thus, to save Counts Two and Three, the government must

2

accept that forcibly interfering with the "official proceeding" in Congress on January 6th was not, by itself, a form of forcibly resisting the "execution" of a United States law. The government, which has championed this view of §1512(c), must accept its implications.

      **B.      The Twentieth Amendment is not "executed" by anyone**

Defendant Caldwell's motion did not address the Twentieth Amendment, but the text of the amendment also defies characterization as a law "executed" by government officers within the meaning of § 2384. The relevant text of the amendment states: "The terms of the President and the Vice President shall end at noon on the 20th day of January, and the terms of Senators and Representatives at noon on the 3d day of January, of the years in which such terms would have ended if this article had not been ratified; and the terms of their successors shall then begin." This text is a statement of *de jure* authority, specifying when a presidential term lawfully ends. It neither requires nor specifies any further action for implementation, but is simply a statement of legal status that neither requires nor is capable of being "executed."

Just as one cannot forcibly resist a law designating one's American citizenship at birth, one cannot forcibly resist a law stating when someone stops being the *de jure* president. A baby becomes a citizen of the United States at birth under the Fourteenth Amendment, and a president becomes a private citizen at noon on the 20th day of January under the Twelfth Amendment. Both are declarations of *de jure* status, requiring no further action. If President Trump had refused to leave the Oval Office at noon on January 20th, he would have instantly become a private citizen guilty of trespassing, or of resisting arrest, or of seditious conspiracy if his resisting arrest hindering the execution of trespassing laws. But he would not be guilty of hindering the execution of the Twelfth Amendment, which by its terms would automatically strip the former president of his *de jure* authority at the stroke of noon. Since such statements of *de jure* status are not and cannot be

3

"executed" by any officer of the United States, the allegation that Vallejo conspired to forcibly interfere with the execution of the Twelfth Amendment fails to state a claim.

**II.     The "Catch-All" Phrase of Count One Fails to Provide Adequate Notice**

"An indictment must set forth each element of the crime that it charges." *United States v. Resendiz–Ponce*, 549 U.S. 102, 107 (2007). "An indictment is sufficient if it (1) contains elements of the charged offense and fairly informs the defendant of the charge against which he or she must defend and (2) enables him or her to plead double jeopardy as a bar to further prosecution." *United States v. Stands*, 105 F.3d 1565, 1575 (8th Cir.1997); *see also Hamling v. United States*, 418 U.S. 87, 117 (1974).

The crime of seditious conspiracy, § 2384, is highly analogous to the crime of general conspiracy, 18 U.S.C. § 371.  Both statutes define their prohibited activity by reference to some other statute in the federal code—either conspiring to violate another statute (§ 371) or conspiring to oppose another statute's execution (§ 2384).  They should thus be construed similarly.  To sufficiently allege a § 371 conspiracy charge, an indictment must "identif[y] the federal criminal laws that are the subjects of the conspiracy." *United States v. Hayes*, 574 F.3d 460, 472 (8th Cir. 2009). An indictment that simply alleges that a defendant conspired to violate "laws governing real estate" or "laws governing banking" would not pass muster under Fed. R. Crim P. 7 or the Constitution. The same is true for § 2384: to state an offense, an indictment must specify the statutes whose execution a defendant allegedly conspired to hinder, or it is fatally deficient for failure to provide constitutional notice.

Here, in addition to the laws expressly listed in the Indictment, the Indictment vaguely alleges that Vallejo conspired to forcibly resist "the laws governing the transfer of power…." *Id*. at 8 ¶ 16.  But there is no one law governing "the transfer of power." Rather, there are countless laws and regulations across the federal code touching upon the execution of presidential authority—

4

from the management of the nuclear keys to the seats in Air Force One—any of which might conceivably fall under this vague language. This catch-all phrase fails to state an offense, as it does not provide Vallejo with notice regarding which statute(s) he opposed executing and leaves him with no protection should the government come up with a new theory at trial other than the three laws it has expressly listed in the Indictment.

**III.     The Inclusion of Multiple Theories of Liability Renders Count One Defective**

A defendant has a constitutional right to be indicted by an independent grand jury. Accordingly, an indictment that alleges a single count under multiple theories of liability cannot stand unless each basis for liability is independently viable. Otherwise, there is no way to tell whether grand jurors agreed with the viable theory or the unviable theory, depriving a defendant of this important safeguard against government abuse. *Cf. Yates v. United States*, 354 U.S. 298, 312 (1957) ("[A] verdict [must] be set aside in cases where the verdict is supportable on one ground, but not on another, and it is impossible to tell which ground the jury selected."); *Griffin v. United States*, 502 U.S. 46, 52–56 (1991) (explaining that the *Yates* rule continues to apply to cases of legally insufficiency, as opposed to cases of evidentiary insufficiency).

Here, there are problems with all four theories of liability under Count One. The two theories related to the certification of electoral results (the Twelfth Amendment and 3 U.S.C. § 15) are not based on laws "executed" within the meaning of § 2384, since the certification is a process, not an execution of laws, and because senators are not law enforcement officers. The theory related to the Twentieth Amendment, which specifies the end of presidential terms, fails because the amendment is a self-executing description of *de jure* status. And the catch-all theory of "laws governing the transfer of power," ECF 1 at 8 ¶ 16, fails to meet the pleading requirements of Fed. R. Crim. P. 7. If any one of these theories is deficient, Count One must be dismissed and returned to the Grand Jury under the principle of *Yates*, 354 U.S. at 312.

For similar reasons, dismissal is required due to the government presenting the grand jury with these unviable or overly vague theories of liability. A defendant may move to dismiss an indictment based on "a defect in instituting the prosecution," including "an error in the grand-jury proceeding[.]" Fed. R. Crim. P. 12(b)(3)(A)(v). Dismissal is appropriate "if it is established that the violation substantially influenced the grandy jury's decision to indict, or if there is grave doubt that the decision to indict was free from the substantial influence of such violations." *Bank of Nova Scotia*, 487 U.S. at 256. "[D]ismissal without prejudice is ordinarily the appropriate remedy for prejudicial prosecutorial misconduct during grand jury proceedings." *United States v. Slough*, 679 F. Supp. 2d 55, 60–62 (D.D.C. 2010).

Here, there is "grave doubt" that the grand jury could independently identify and agree upon a viable theory of liability under Count One, when they were presented with the catch-all phrase "laws governing the transfer of power," along with three legally-unviable theories of liability under § 2384. If any one of the three theories and/or the catch-all term are legally infirm, then the government's presentation of them to the grand jury deprived it of its ability to independently check the government and prevent the indictment of Vallejo on spurious grounds. Thus, Count One should be dismissed.

**IV.    To the Extent Any Portion of Count One Survives, the Court Should Strike Language Related to Unviable Theories as Prejudicial Surplussage**

The government in this case has caused the Grand Jury to return an extraordinary "speaking indictment" spanning 48 pages, full of out-of-context quotations. To the extent that any portion of Count One survives, the Court should strike allegations that do not pertain to the surviving portions as prejudicial surplusage. Fed. R. Cr. P. 7(d).

## CONCLUSION

For the foregoing reasons, Defendant Vallejo respectfully requests that the Court dismiss Count One and strike any prejudicial surplusage unrelated to any surviving theory for Count One.

April 16, 2022                                    Respectfully submitted,

/s/ Matthew J. Peed         .
Matthew J. Peed (D.C. Bar No. 503328)
CLINTON & PEED
1775 I St. NW, Suite 1150
Washington, D.C. 20006
(202) 919-9491 (tel)
(202) 587-5610 (fax)

*Counsel for Defendant Edward Vallejo*