IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | ) <br> ) <br> ) |
| v. | ) <br> ) Criminal No. 1:22-cr-00015-APM |
| **KENNETH HARRELSON** | ) <br> ) |
| **Defendant** | ) <br> ) <br> ) <br> ) |

### DEFENDANT KENNETH HARRELSON'S
### MOTION FOR LEAVE TO FILE AMENDED OPPOSITION TO THE
### GOVERNMENT'S MOTIONS IN LIMINE
### (ECF 213, 214, and 215) REGARDING ANTICIPATED TRIAL EVIDENCE
### WITH INCLUDED MEMORANDUM

Defendant, Kenneth Harrelson, by and through undersigned counsel, hereby moves the Court for leave to file an amended, consolidated Opposition with Memorandum of Points and Authorities to the Government's three (3) Motions in Limine (each compound on several topics), docketed at ECF 213, 214, and 215, and extension of time in which to file pursuant to this court's Pretrial Order, dated May 12, 2022, (ECF 133).

Counsel for Harrelson does not believe there will be any prejudice to the Government from the Defendant's Amended Opposition on Monday morning compared to the Opposition filed by midnight on Friday pursuant to the deadlines of the Court's Pretrial Order. The intervening weekend should not materially or significantly affect the Government's legal position.

Harrelson, by counsel, originally planned to file a joint Opposition together with Kelly Meggs, and circulated his earlier draft among counsel for other Defendants as well. However, as

the deadline approached and various counsel's availability was affected by the Friday night beginning of the weekend, Harrelson's counsel did not reach a consensus draft. Kelly Meggs, by counsel filed a motion that met the Friday deadline as of the thinking at that time. Harrelson's draft by midnight, Friday, diverged from the prior discussions.

Upon analysis, the undersigned counsel came to recognize that the consequences of the Government's proposed Motions in Limine were far greater, more consequential, and more far-reaching than the initial review of the Government's Motions in Limine identified to counsel.

Meanwhile, Kenneth Harrelson, by counsel, has been approached very recently by top flight expert witnesses previously unknown to him, with security clearances and decades of expertise. The undersigned has been continuing to consult with them about their analysis of the events at issue in and around the U.S. Capitol, the arguments they want to make, and the information they require. The undersigned provided them with drafts of the Opposition and Harrelson's motion for discovery. Though not able to instantly respond, the input of these expert witnesses affected the expansion and modification of Harrelson's Amended Opposition over the weekend.

The undersigned realized that he mistakenly made a reference to a police officer using a bullhorn to make a statement when he merely bellowed a statement to the crowd that was then bullhorned by others.

The undersigned also realized that there were errors in the caption and boilerplate sections of the document copied from an older pleading as a word-processing error.

The undersigned also did not initially oppose the motion in limine with regard to cross-examination of proposed Secret Service witnesses but after speaking with experts on Saturday and seeing that this is a motion being filed in many different cases such as *USA v. Price*, came to

realize over the weekend that the second category of Secret Service testimony somewhat buried creates more problems than evident at first.

ECF 214 seeks to bar the Defendants from submitting evidence during trial to include: (1) the actions or inaction of law enforcement officers at the Capitol on January 6, 2021; (2) the actions of rioters at other, unrelated events, and the status, disposition, and pendency of cases or charges involving those other rioters; and (3) purported diminished mental or physical capacity of any defendants.  (ECF 214).

In ECF 213, the government seeks to prohibit not only the public authority defense, but also to preclude the defendants from raising an e*ntrapment-by-estoppel defense* at trial narrowly focused on the premise of total inaction of law enforcement officers being unable to change the law (but ignoring changes to the factual scenario).  The motion argues that inactivity by officers cannot make lawful conduct that would otherwise be lawful.  (ECF 213).

In ECF 215, the Government seeks to prohibit cross-examination of one or more Secret Service agents whom apparently the prosecution intends to call to testify.  However, as with all of the MILs, the first ground or issue stated is unremarkable, but is followed further down in the motion by more serious, objectionable, and unworkable later issues sort of slid in near the end.

Therefore, Defendant Kenneth Harrelson, by counsel, respectfully requests leave of Court to amend his consolidated Opposition to the Government's Motions in Limine and to extend from Friday night to Monday morning the time in which to file his Opposition.

(SIGNATURE LINE BELOW)

Dated: August 14, 2022        RESPECTFULLY SUBMITTED
KENNETH HARRELSON, *By Counsel*
/s/ Brad Geyer

Bradford L. Geyer, PHV
PA 62998
NJ 022751991
Suite 141 Route 130 S., Suite 303
Cinnaminson, NJ 08077
Brad@FormerFedsGroup.Com
(856) 607-5708

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2022, a true and accurate copy of the forgoing was electronically filed and served through the ECF system of the U.S. District Court for the District of Columbia.

/s/ Brad Geyer
Bradford L. Geyer, PHV
PA 62998
NJ 022751991
Suite 141 Route 130 S., Suite 303
Cinnaminson, NJ 08077
Brad@FormerFedsGroup.Com
(856) 607-5708