## IN THE UNITED STATES DISTRICT COURTFOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| | ) **Criminal No. 1:22-cr-00015-APM** |
| **v.** | ) |
| | ) |
| **ELMER STUART RHODES, KELLY** | ) |
| **MEGGS, JESSICA WATKINS** | ) |
| | ) |
| **Defendants** | ) |
| | ) |

## DEFENDANTS JOINT OPPOSITION TO MOTION IN LIMINE (ECF 252) REGARDING EXPERTS AND ANTICIPATED TRIAL EVIDENCE

Defendants, Elmer Stuart Rhodes, Kelly Meggs, Jessica Watkins, jointly, by and through the undersigned counsel, and pursuant to this court's Pretrial Order, dated May 12, 2022, (ECF 133), hereby files this Opposition Memorandum to the Government's Motion in Limine, ECF 252 to bar Defendants' experts.

ECF 252 seeks to bar the defendants from submitting evidence during trial, and asks, "WHEREFORE, the United States respectfully moves this Court to preclude any expert testimony by the defense at the trial scheduled to begin on September 26, 2022." In making this broad motion to include such a prejudicial outcome, Defendants submit the following for this court's consideration.

In ECF 252, the government argues that the Court Should Preclude any Defense experts and cites to the following:

> In cases where a party has failed to comply with the discovery rules, the D.C. Circuit, citing Supreme Court precedent, has held that "the exclusion of evidence and testimony can be a proper sanction, even against a criminal defendant." *Day*, 524 F.3d at 1372. Such a sanction may be appropriate, even if the defense counsel has not acted in bad faith. Id.; *United States v. Johnson*, 970

F.2d 907, 911 (D.C. Cir. 1992).  In determining whether the appropriate sanction for an expert notice violation is exclusion, courts have noted that the time period for trial preparation is a relevant factor. "The interest of a fair and efficient administration of justice counsels against opting to delay the trial due to the defendant's failure to abide by the rules designed to facilitate a fair exchange of relevant materials." *Gray-Burriss*, 2012 WL 5193679, *1.

(See ECF 252 at p. 4).

This is an unnecessary and broad argument.  First, in *Day*, the court precluded experts in

a criminal action, not because of delays, but because, as the court therein explained, the predicate

for the remaining experts was the earlier experts' opinions, which got barred under a FRE 702

*Daubert* analysis:  "…-- the District Court concluded that the experts' testimony had to be

excluded under FRE 702 and Daubert."  *United States v. Day*, 524 F.3d 1361, 1370, 381 U.S.

App. D.C. 48, 57, (D.C. Cir. 2008).  The other expert witness barred in that case also faced

*Daubert* challenges, and the court explained:  'Rule 16 governs discovery and disclosure in

criminal proceedings, and states in relevant part that if "the defendant has given notice under

[Federal Rule of Criminal Procedure] 12.2(b) of an *intent to present expert testimony on the*

*defendant's mental condition*," FED. R. CRIM. P. 16(b)(1)(C)(ii), then the defendant also "must,

at the government's request, give to the government a written summary of any testimony that the

defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as

evidence at trial." FED. R. CRIM. P. 16(b)(1)(C).  This summary "must describe the witness's

opinions, the bases and reasons for those opinions, and the witness's qualifications." Id. at 1370-

1371.  The court also made clear that the government only received the expert's opinion on the

mental status of the defendant at the *Daubert* hearing itself.  *Id*. at 1371.  ("It was only during the

Government's cross-examination on March 24, 2005 that Dr. Spodak finally offered a diagnosis

of appellant's mental condition. Hearing Tr. (3/24/05) at 16-17, 53. The District Court granted

the Government's motion to exclude Dr. Spodak's testimony on March 25, 2005, primarily as a

sanction for violating Rule 16.")

The *Day* court concluded that, "[i]n this case, unlike the circumstances under review in *Johnson*, the District Court did not believe that Day's counsel had acted in good faith." *Id*. at 1372. (In *Johnson*, the court found that '[t]he new witnesses were Johnson's brother and friend, and he had at least five months to produce them - from indictment in October 1990 to the start of the second trial in March 1991. The only explanation offered below was defendant's vague assertion of "difficulty in trying to reach these people", which does not even assert that Johnson was unaware of their evidence, much less explain any delay in his learning of any truthful alibi they might have offered.' *United States v. Johnson*, 970 F.2d 907, 912, 297 U.S. App. D.C. 278 (D.C. Cir. 1992).  Similarly the government cites to United States v. Gray-Burriss, but the court explained therein that "the defense has filed no response at all to the government's motion. It has chosen to neither explain its actions nor oppose the government's request for relief. Whether its failure to comply with Rule 16(b)(1)(C) is willful or not is unknown, but the government's motion is deemed conceded in light of the defense's failure to respond to it. LCrR 47(b)." *United States v. Gray-Burriss*, 2012 U.S. Dist. LEXIS 150487, *4, 2012 WL 5193679

The government is not seeking to bar defense experts because of *Daubert*, or on inexcusable or non-existent submissions, or on bad faith, but on the fact that additional reports were not produced with the designations made on July 22, 2022, and separately with regard to because the constitutional expert has to be replaced, due to his now unavailability.

As a practical matter, Counsel for Mr. Rhodes designated Mr. Ingram for the five defendants as a forensics expert on July 22, 2022, and stated a genuine proffer:

> "…he will be prepared to testify as an expert as to how the digital download and analysis procedure works in regarding electronic devices as well as how texting apps and Signal chats, etc. work, he will be able to testify as a lay witness as to specific evidence found on the individual device downloads.  In addition to

testifying as an expert on how the digital extraction process works regarding electronic devices, he is also qualified to testify as to how cell phone towers work regarding call capacity/call handoffs between towers and geo-location of phones.

(Ex. A, Defendants' Expert Designation of July 22, 2022, sent to the government).

Furthermore, when each defendant in the case at bar requested a continuance, and each defendant who is detained agreed to waive their speedy trial rights to do so, Meggs' counsel let the government know that we are working to update the designations, as the government notes in its filing. (ECF 252 at p.3).[1]

As a practical matter, at this time, in addressing Mr. Meggs' phone, Mr. Ingram has reported to counsel that he is downloading Mr. Meggs' zip file, which he has represented will take him **70 hours** to "unzip." The sheer volume of electronic information the government produced, which the government chose to do, rather than providing the defendants with the actual cell phones, is causing the defendants to be delayed in supplementing this designation with a further report.

As for the other expert designated, counsel for Mr. Rhodes, has been updating the government in good faith regarding the reservation made in the Defendants' designation produced by counsel for Mr. Rhodes to the government on July 22, 2022. Counsel designated a witness expert for defendants, and set forth that the expert

"will be prepared to testify either directly or in rebuttal about the Constitution and its application regarding the election process, more specifically the application of the 20th Amendment regarding the transfer of power. In addition, he will be prepared to testify about the Insurrection Act. More specifically when and how it can be enacted and by whom and how the Insurrection Act applies to a militia."

---

[1] Meggs' counsel, Mr. Woodward and Ms. Haller, in addition to only appearing in this action in or about May, 18, 2022, when the court granted conditional substitution, (Ms. Haller filed her Appearance on or about June 24, 2022 believing that the conflict review had concluded), and only in or about this week, Mr. Woodward made progress on having that other January 6th case continued.

(Ex. A. Defendants' Expert Designation of July 22, 2022).

Therein, counsel further stated that, "*[i]n the event Ilya Shapiro is unable to testify, the defense teams reserves it's right to call another qualified expert on the same above listed subjects and will notify the attorneys for the government as soon as practicable*."

Counsel for Mr. Rhodes immediately notified the government that the constitutional law expert initially named, and anticipated, is now unavailable, in an effort to keep the government updated. Defense counsel is seeking another constitutional expert to be prepared to address what the government seeks to submit regarding the Insurrection Act, the ECA, the 12th and 20th Amendments, most likely only needed in rebuttal.

The court always has the discretion to sustain objections to an expert witness, however, how the government proceeds with this broad brushstroke lacks legal support and is highly prejudicial to the Defendants. There is no prejudice to the government at this time because primarily rebuttal expert testimony is not the same as submitting scientific reports under FRE 702. Further, the government is still investigating and producing information. For example, today Defendants' learned from the government that certain messages sent on January 6th regarding the United States Constitution were thought to be from Mr. Rhodes, but the government disclosed to the defendants, they are from someone unrelated to these Defendants, and this includes factual allegations that would potentially be significant before an expert on the constitutional issues. The point is both sides are working hard to have accurate information.

Moreover, the forensics phone expert is designated and anticipated to also be called for Mr. Rhodes, Mr. Meggs and potentially Ms. Watkins, but as disclosed, is still working to open Mr. Meggs' zip file. Further, his testimony also get limited as a rebuttal witness, but Defendants, are working in good faith to update the government, so that there would be no

surprises. Defendants are not prepared to submit a report, at this time because the information still needs analysis.  Defendants are seeking to file a Motion for an Extension of Time for their Designation.

The harshness of preclusion of any potential defense experts broadly impacts defendants. Secondly, these defendants are not submitting a defense of diminished mental capacity, therefore, there is no anticipated 'scientific' opinion that needs foundation for that defense, under FRE 702, making the *Day* case distinguishable, so there is no genuine prejudice to the government by a two-week extension at this time, (which the defendants will seek in a separate filing).

WHEREFORE, Defendants, Elmer Stuart Rhodes, Kelly Meggs, Jessica Watkins, jointly respectfully request that the Court deny ECF 252, and recognize at this time there is no prejudice to the government, while there would be serious prejudice to the Defendants with such a barring of all defense experts.

[signature next page]

Respectfully submitted,


/s/ *Stanley Woodward*

Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
Brand Woodward, Attorneys at Law
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

/s/ *Juli Zsuzsa Haller*
Juli Zsuzsa Haller, (DC 466921)
The Law Offices of Julia Haller
601 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20004
Telephone: (202) 729-2201
HallerJulia@outlook.com


*Counsel for Defendant Kelly Meggs, with permission to file this on behalf of Mr. Rhodes and Ms. Watkins.*


## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on August <u>19</u>, 2022, I electronically filed the foregoing with the Clerk of Court

using the CM/ECF System, with consequent service on all parties of record.


/s/ *Juli Zsuzsa Haller*
Juli Zsuzsa Haller, (DC 466921)
The Law Offices of Julia Haller
601 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20004
Telephone: (202) 729-2201
HallerJulia@outlook.com