UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal No. 22-cr-15 (APM) |
| ELMER STEWART RHODES, III et al., | ) ) ) | |
| Defendants. | ) ) | |

**OMNIBUS ORDER**

This Omnibus Order memorializes the court's rulings on certain motions *in limine*. The court stated its reasons for these rulings on the record at the hearing held on August 30, 2022.

1. The United States' Notice of 404(b) Evidence, ECF No. 187 [hereinafter 404(b) Motion], is granted in part and denied in part.

   a. With no Defendant having opposed, the court grants the motion with respect to co-conspirators' travel to Washington, D.C. for the Million MAGA March on November 14, 2020, and their organization of "an armed [Quick Reaction Force] for the event." *Id.* at 13–15.

   b. The court grants the motion with respect to unindicted co-conspirator "Jeffrey Brown's transportation and possession of explosives." *Id.* at 15–18. The court denies Defendant Kelly Meggs's Motion to Bar the Introduction of that evidence, ECF No. 219.

   c. The court grants the motion with respect to Defendant Thomas Caldwell's efforts to purchase a gun resembling a cell phone in November and December 2020 and

his messages in furtherance of obtaining gun components in January 2021. 404(b) Motion at 26–27.

    d. The court denies the government's motion with respect to Defendant Jessica Watkins's possession of bomb-making instructions. *Id.* at 21–23.

    e. Finally, the court denies the government's motion with respect to that portion of Defendant Caldwell's one-page "death list" note that reflects the words "Death List" followed by the names of state election workers. *Id.* at 24–26. The government may introduce the top portion of that note referencing "40 + from N.C."

2. The United States' Motion *in Limine* to Preclude Certain Defense Arguments at Trial, ECF No. 213, is granted. The court grants the motion with respect to the public-authority defense. *Id.* at 2–6. With respect to the entrapment-by-estoppel defense, *id.* at 6–9, absent a more fulsome factual proffer, the court will not allow any Defendant to rely on that defense at trial.

3. The United States' Motion *in Limine* to Preclude Certain Untimely and Irrelevant Testimony, ECF No. 214 [hereinafter Gov't's Mot. to Preclude Irrelevant Test.], is granted in part and denied in part.

    a. First, the court grants the government's motion with respect to "improper defense arguments and evidence pertaining to law enforcement conduct on January 6, 2021." *Id.* at 2–4. Defendants may seek to admit relevant evidence of their own perceptions of law enforcement conduct, but evidence of unperceived law enforcement activity is excluded absent a concrete factual proffer as to the relevance of such evidence.

    b. Next, the court grants the motion with respect to arguments pertaining to charges or dispositions in other cases. Only Defendant Edward Vallejo opposed this aspect

2

      of motion, Def. Vallejo's Opp'n to Certain Mots. *in Limine* in ECF 214, ECF No. 254, at 1–2, and because he is not in the September Trial Group, he may renew his objection at a later date.

    c. Finally, the court denies the government's motion as to "evidence pertaining to Defendants' diminished mental or physical capacity." Gov't's Mot. to Preclude Irrelevant Test. at 6–9. Defendant Caldwell may offer evidence of his diminished physical capacity but not through expert testimony or medical records. Additionally, if Defendant Caldwell introduces evidence of medication taken on January 6th he may rely on it only to explain his physical incapacity on that day. The court defers ruling on Defendant Caldwell's intent to introduce his Veterans Affairs disability status. The also court reserves ruling on diminished physical capacity evidence as to Defendant Vallejo.

4. The United States' Motion *in Limine* Regarding Cross-Examination of U.S. Secret Service Witness, ECF No. 215, is granted. Defendants' cross-examination of any Secret Service witness(es) shall be limited to the general location of Vice President Pence and his family members on January 6th at the times relevant to the offenses with which Defendants are charged.

5. The court defers a decision on Defendant Vallejo's Motion *in Limine* to Exclude Expert Testimony of Dr. Sam Jackson, Ph.D., ECF No. 218.

6. The court denies Defendants Connie and Kelly Meggs's Joint Motion *in Limine*, ECF No. 221. If the prosecution can demonstrate to the court that the Meggs's son was on the communication at issue, the court will admit it over objection. If the communication did not include the Meggs's son, the court will require a further proffer from the government to support the joint participation exception to the martial communications privilege.

7. The court defers ruling on the Government's Motion to Exclude Defense Expert Testimony Due to Insufficient Notice, ECF No. 252. No Defendant, to the court's knowledge, has provided formal notice of an intent to call a defense expert. If any Defendant provides the required notice, and the government objects, the court will take up the motion at that time.

Date: September 6, 2022

*Amit P. Mehta*
United States District Court Judge