**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 22-cr-15 (APM) |
| | : | |
| v. | : | |
| | : | |
| ELMER STEWART RHODES III, | : | |
| KELLY MEGGS, | : | |
| KENNETH HARRELSON, | : | |
| JESSICA WATKINS, and | : | |
| THOMAS CALDWELL, | : | |
| | : | |
| Defendants. | : | |

## JOINT PRETRIAL STATEMENT

Pursuant to the Court's Consolidated Pretrial Order, ECF No. 133, the parties hereby submit their Joint Pretrial Statement.   Enclosed with this statement are the following materials:

1. Proposed Preliminary Jury Instructions, including a neutral statement of the case (Ex. 1);[1]

2. Government List of Witnesses to Attach to Juror Questionnaire (Ex. 2) (this broad list includes those witnesses who may testify or whose names may be mentioned during testimony);

3. Government List of Witnesses Anticipated to Testify at Trial (Ex. 3);

4. Defense Witness Lists (Ex. 4);

    a. Rhodes witness list

        i. attorneys Linder and Bright

---

[1] The parties are submitting a version redlined from the draft provided by the Court on August 24, 2022, as well as a clean version.

        ii. attorney Tarpley

    b. Meggs witness list

    c. Harrelson witness list

    d. BLANK2

    e. Caldwell witness list

5. Government Exhibit List (Ex. 5),

    a. Government exhibit list

    b. Statement spreadsheet listing statements the government presently intends to introduce at trial (provided to defense 8/12/22);

    c. Supplemental statement spreadsheet listing additional statements the government presently intends to introduce at trial (provided to defense 9/6/22);

6. Defense Exhibit Lists (Ex. 6);

    a. Rhodes exhibit list (attorneys Linder and Bright)[3]

    b. Meggs exhibit list

    c. Harrelson exhibit list

    d. BLANK

    e. Caldwell exhibit list

7. Draft Stipulations Agreed Upon by the Parties (Ex. 7);

    a. Government stipulations

---

[2] Defendant Watkins stated that she may separately submit her witness and/or exhibit list.
[3] Attorney Tarpley stated that he would separately submit an exhibit list on behalf of Defendant Rhodes.

> b.  Defendant Caldwell stipulations

8.  Proposed Final Jury Instructions (Ex. 8); and

9.  Proposed Verdict Form (Ex. 9).

The parties also write to highlight for the Court certain issues the Court may wish to address at the Pretrial Conference currently scheduled for Wednesday, September 14, and Thursday, September 15.   Specifically, this document addresses the following topics:

- First, the parties write to submit their proposals for the number of peremptory strikes that should be afforded the parties during jury selection.

- Second, the parties highlight one disagreement as to the proposed neutral statement of the case for inclusion in the Court's preliminary jury instructions.

- Third, the government provides an overview of its theories of admissibility for three categories of evidence, namely: (a) business records, pursuant to Rule 902(11) of the Federal Rules of Evidence ("FRE"); (b) out-of-court statements by the co-conspirators; and (c) summary exhibits and testimony.

- Fourth, four defendants have submitted proposed exhibit lists.

- Fifth, the parties summarize the state of stipulations.

- Sixth, the parties explain their joint final proposed jury instructions.

- Seventh, the parties submit the proposed verdict form, with one highlighted area of disagreement.

## I.        Jury Selection and Peremptory Strikes

Under Rule 24(b)(2) of the Federal Rules of Criminal Procedure, for a non-capital felony case, the government is entitled to 6 peremptory challenges, and the defendant or defendants jointly have 10 peremptory challenges; however, "The court may allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly."  Fed. R. Crim. P. 24(b).   In light of the number of defendants in this case, the parties agree that the Court should afford each side additional peremptory strikes, although the parties disagree about the precise number that should be afforded.   The government proposes that the Court permit the defendants 15 peremptory strikes, to divide as they like, and allow the government 9 peremptory strikes.   The government submits this number appropriately accounts for the number of defendants in this trial, and maintains the proportionality of the 10-and-6 typical rule, without unduly raising the number of potential jurors the Court will need to qualify before beginning the peremptory strike phase of voir dire.[4]

The defense agrees, at this point, that 15 peremptory defense strikes is appropriate; however, the defense disagrees that the government should get any additional strikes.   The defense does not believe that the government is entitled to proportionality under Rule 24(b), and there is no compelling reason to increase the allotted number of strikes.   The defense seeks more strikes than the 10 prescribed by the Rule because there are five, out-of-district defendants, and 15

---

[4] Assuming the Court impanels four alternates, under the government's proposal, the Court would need to qualify at least 44 jurors prior to peremptory strikes: the 16 jurors who will ultimately serve, plus sufficient jurors to allow 15 defense peremptory strikes; 9 government peremptory strikes; and 4 additional peremptory challenges (2 per side), pursuant to Rule 24(b)(4)(B).

strikes allows for each defendant to exercise at least three strikes of his or her own.   To be sure, the defense may coordinate and easily reach consensus regarding the exercise of peremptory strikes; however, to presume that all defendants will agree on the appropriate exercise of strikes undermines the individuality of these five defendants.   Furthermore, the defense respectfully reserves the right to request additional strikes subject to the results of the written juror questionnaire and in-person voir dire.

## II.        **Proposed Preliminary Instructions and Statement of the Case**

The parties jointly propose the enclosed edits/additions to the Court's preliminary jury instructions contained at Exhibit 1, except that the defense objects to the highlighted line(s) in the government's proposed neutral statement of the case.   The defense contends that these lines are more argumentative than factual.   The defense contends that these lines are cumulative and unnecessary to a neutral indictment summary.   The government submits that the sentence "The indictment alleges that the defendants agreed to oppose by force the lawful transfer of presidential power following the 2020 U.S. Presidential Election" is taken directly from the Indictment's articulation of the purpose of the seditious conspiracy.   *See* ECF No. 167 at ¶ 16 ("The purpose of the conspiracy was to oppose the lawful transfer of presidential power by force, by opposing by force the authority of the Government of the United States and by preventing, hindering, or delaying by force the execution of the laws governing the transfer of power, including the Twelfth and Twentieth Amendments to the Constitution and Title 3, Section 15 of the United States Code.").

## III.        **Government's Evidence**

The government's exhibit list is enclosed as Exhibit 3.

a.   Admissibility of Business Records Pursuant to FRE 902(11).

The government will move for the admission of business records trial exhibits prior to calling its first witness.   These business records are admissible in evidence without witness testimony, pursuant to FRE 902(11), which reads in relevant part:

> The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted: . . . (11) Certified Domestic Records of a Regularly Conducted Activity.   The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), [5] as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record – and must make the record and certification available for inspection – so that the party has a fair opportunity to challenge them.

Fed. R. Evid. 902(11). The government intends only to use the Rule 902(11) certificates to admit documents acceptable as business records under Rule 803(6). Such records are not testimonial in nature. *See United States v. Adefehinti,* 510 F.3d 319, 327-28 (D.C. Cir. 2007).

On September 6, 2022, the government provided the defense with its draft exhibit list, which included a designation of certain exhibits which the government intends to introduce through 902(11) certification.   To date, no objection has been raised.

The Defendants inform the Court that they have requested additional time to review the statements, defendants continue to review the hundreds of statements as well as the chats from where they were extracted, and are working with an expert to that end, and further reserve the right to object.   The Defendants are working to review all of the latest information received in large part, three days ago, while working to comply with the requirements to produce their exhibit lists,

---

[5] FRE 803(6) refers to business records kept in the course of regularly conducted business.

witness lists and expert designations supplements, which they have done in large part.  The Defendants will seek to meet and confer with the government about some potential objections early next week and will reserve the right to raise any objections that cannot be addressed at the joint pretrial conference next Wednesday and Thursday.

The parties will notify the Court prior to trial if any disputes arise regarding the admissibility of any evidence pursuant to business record certification.

b.  Defendant and Co-Conspirator Statements

On August 12, 2022, the government provided the defense with its initial draft spreadsheet outlining the out-of-court statements that it would likely seek to introduce evidence of or testimony about at trial.  The government supplemented that spreadsheet on September 6, 2022.  The government is submitting a copy of these spreadsheets, which include all statements that the government presently intends to admit, to the Court with this Joint Pretrial Statement.  These out-of-court statements are admissible under a variety of theories, including: (1) statement of a party opponent under FRE 801(d)(2)(A); (2) adoptive admission under FRE 801(d)(2)(B); (3) co-conspirator statements during and in furtherance of the conspiracy under FRE 801(d)(2)(E); present-sense impression under FRE 803(1); (4) statement of the declarant's then-existing state of mind (such as motive, intent, or plan) under FRE 803(3); (5) statements against interest under FRE 804(b)(3); and (6) not hearsay, because they are not being introduced for the truth of the matter, but for some other reason like effect on the listener or context.  None of these statements are testimonial in nature, so their introduction does not raise any Sixth Amendment concerns.  *See United States v. Wilson*, 605 F.3d 985, 1017 (D.C. Cir. 2010); *see also United States v. Allgood*, 21-cr-416-RDM, 2022 WL 715222 (D.D.C. Mar. 10, 2022) ("Every circuit court that has

considered the issue has ruled that *Bruton* only applies to testimonial hearsay.") (quoting 30 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 6683 (2d ed. 2021)).

To date, the defense has not objected to the admissibility of any specific statements.   The parties agree that it would be ideal to resolve any disputes about the admissibility of these statements at the Pretrial Conference and plan to meet and confer next week to identify those statements about which the parties are in disagreement as to questions of admissibility, the need for a limiting instruction, or rule of completeness.

The Defendants are working to review all of this information, while working to comply with the requirements to produce their exhibit lists, witness lists and expert designations supplements, which they have done in large part.

The government will be prepared to articulate its theory of admissibility for any challenged statement at next week's hearing, but in advance of that discussion, it may be helpful to lay out certain guiding principles of law.

The vast majority of the statements in the enclosed spreadsheet are admissible as co-conspirator statements in furtherance of the conspiracy.   Federal Rule of Evidence 801(d)(2)(E) provides that an out-of-court statement is not hearsay if it is "offered against an opposing party and ... was made by the party's coconspirator during and in furtherance of the conspiracy," with further instruction that "the statement must be considered, but does not by itself establish ... the existence of the conspiracy or participation in it under (E)."   Fed. R. Evid. 801(d)(2). Upon objection to admission of an alleged co-conspirator's out-of-court statement, "the district court must find by a preponderance of the evidence that a conspiracy existed and that the defendant and declarant were members of that conspiracy." *United States v. Gewin*, 471 F.3d 197,

8

201 (D.C. Cir. 2006) (citing *Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987)). As reflected in the Rule itself, an out-of-court statement cannot alone support the necessary finding that the defendant and declarant were together involved in a conspiracy. FED. R. EVID. 801(d)(2); *see also Gewin*, 471 F.3d at 201 (noting "that the finding [of conspiracy's existence and defendant and declarant's membership in conspiracy] must rest on some independent evidence of the conspiracy") (citing *United States v. Gatling*, 96 F.3d 1511, 1520–21 (D.C. Cir. 1996)). Thus, the ultimate admissibility determination must rest both on finding that the challenged co-conspirator statement is in furtherance of the conspiracy and, at least partially, on some independent evidence of the conspiracy.

Admissible statements include "those that keep a coconspirator updated on the status of the business, motivate a coconspirator's continued participation, or provide background information on key conspiracy members." *United States v. Miller*, 738 F.3d 361, 374 (D.C. Cir. 2013). Statements are made in furtherance of a conspiracy if they "can reasonably be interpreted as encouraging a co-conspirator or other person to advance the conspiracy, or as enhancing a co-conspirator or other person's usefulness to the conspiracy." *Id.*; *see also United States v. Tarantino*, 846 F.2d 1384, 1412 (D.C. Cir. 1988). Notably, "[s]tatements designed to induce the listener's assistance with respect to the conspiracy's goals satisfy the Rule's in-furtherance requirement" even if the listener is not a member of the conspiracy. *United States v. Gupta*, 747 F.3d 111, 125 (2d Cir. 2014). As the Court will see, many of the statements in the enclosed spreadsheet have to do with inducing others to achieve the conspiracy's goals, and planning and coordination to do so.

The Court need not make all of the necessary factual findings relevant to admissibility of co-conspirator statements before the government presents evidence of these statements to the jury. *United States v. Jackson*, 627 F.2d 1198, 1218 (D.C. Cir. 1980).   Instead, the challenged statement or statements may be provisionally admitted in evidence, "subject to connection"—*i.e.*, contingent upon the government's subsequent introduction of sufficient evidence to persuade the court that the requirements of FRE 801(d)(2)(E) have been met.   *Id.*   FRE 104(b) codifies this commonly used judicial practice:   "When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition."   Indeed, in this Circuit, it is typical practice for the trial judge to avoid a "disfavored 'mini-trial' of the evidence" by deferring its determination regarding the admissibility of alleged co-conspirator statements until after the close of the government's case.   *United States v. Cooper*, 91 F. Supp. 2d 60, 78 (D.D.C. 2000) (declining to hold a pretrial evidentiary hearing on this issue); *see also Brockenborrugh*, 575 F.3d at 735 (noting that the district court in that case had "provisionally admitted ... testimony subject to proof of a conspiracy under Federal Rule of Evidence 801(d)(2)(E)"); *United States v. Hsin–Yung*, 97 F. Supp. 2d 24, 37 (D.D.C. 2000) (rejecting a request for a pretrial hearing on admissibility of co-conspirator statements, because "having a pretrial hearing essentially would create a time-consuming mini-trial before the trial").   For this reason, the government has included on its exhibit list a place to designate where exhibits have been admitted conditionally.

Because the vast majority of statements on the government's enclosed spreadsheets are admissible against all defendants, as either statements in furtherance of the conspiracy or circumstantial evidence of the conspiracy's goals, manner, and means, there should be limited

instances where the Court will need to follow the introduction of these statements with a limiting instruction.

Under FRE 105, "If the court admits evidence that is admissible against a party or for a purpose — but not against another party or for another purpose — the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly."   "Rule 105 clearly places upon defense counsel the burden of requesting an instruction limiting the use to which the jury may put [such] evidence."   *United States v. Brawner*, 32 F.3d 602, 605 (D.C. Cir. 1994) (citing *United States v. Lewis*, 693 F.2d 189, 197 (D.C. Cir. 1982)) ("Trial counsel must generally request a limiting instruction whenever potentially inflammatory evidence can be put to an improper use; reversible error arises if the court fails to grant such a request.   The court must give such an instruction *sua sponte* only if the evidence has the potential for substantially prejudicing the defendant.   Before giving the instruction, however, the court must offer defense counsel the opportunity to waive it.   Failure to give defense counsel this opportunity also constitutes reversible error.").

To date, the defense has not proposed any statements that should be introduced against solely the declarant.

Defendant Meggs writes: Again the Defendants have only recently received this material and are working through it, while working to complete their productions.

The government writes: The government has identified only a handful of statements that would come in only against the declarant, and these are after-the-conspiracy statements that demonstrate an intent to obstruct justice by tampering with testimony or evidence.   The two examples the government identifies below include a message sent from Caldwell to Watkins,

suggesting he would be willing to lie to cover for her, and an exchange between Meggs and

Harrelson about deleting their Signal messages:

**Caldwell and Watkins**

| Date | Time | Declarant | Recipient | Message |
|------|------|-----------|-----------|---------|
| 01/09/21 | 9:05:30 AM | Caldwell | Watkins | If any shit should ever come down, you were with me all the time and I'll swear to it. |
| 01/09/21 | 9:07:08 AM | Watkins | Caldwell | There's too much evidence contrary. Perjury bad, lol. I won't worry then... |

**Harrelson and Meggs**

| Date | Time | Declarant | Recipient | Message |
|------|------|-----------|-----------|---------|
| 02/04/21 | 11:22:14 AM | Harrelson | Kelly Meggs | Is there anyway we can clear out the messages in our chats, I don't think it would be a bad idea, clear out all the talk of hiding the tools and shit |
| 02/04/21 | 11:22:14 AM | Kelly Meggs | Harrelson | We can delete the old and start a bee |
| 02/04/21 | 11:22:14 AM | Kelly Meggs | Harrelson | New |
| 02/04/21 | 11:22:14 AM | Harrelson | Kelly Meggs | Let's do that as long as you think it deletes everything, I don't want the boys to have anything to look at if you know what I mean, I'll run through let me delete our DMs real quick, send one in like 2 minutes, if that works on my end then we'll just repeat the process |
| 02/04/21 | 11:22:14 AM | Harrelson | Kelly Meggs | Yep cleared it right out |

| | | | | |
|---|---|---|---|---|
| 02/04/21 | 11:22:14 AM | Harrelson | Kelly Meggs | Did y'all send one, may have to add me back, I didn't leave or block it just deleted the thread |

The government will be prepared to discuss this matter further at next week's pretrial conference.

      c.  <u>Admissibility of Summary Testimony and Charts</u>

Finally, the government will proffer the testimony of approximately eleven FBI agents, who will testify at the end of each section of the government's presentation of evidence and through whom the government will seek to introduce summary exhibits regarding the evidence presented during that section of the government's case. These agents' testimony and exhibits will summarize voluminous business records, cellular telephone evidence, and video evidence. These witnesses' summary testimony and exhibits are admissible under FRE 1006 and case law in this jurisdiction.

Evidence that is too voluminous for a jury to readily examine in court is properly summarized by a case agent pursuant to FRE 1006, which provides:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

Fed. R. Evid. 1006.

In this case, the agents have reviewed a number of voluminous sources of evidence that cannot be conveniently examined in court. These include tens of thousands of messages exchanged among the defendants and co-conspirators, hundreds of hours of video footage, hundreds of pages of cellular telephone call detail and cell site records, and hundreds of pages of

financial records.   The government will seek to summarize this evidence across the following summary exhibits:

| VIDEO COMPILATIONS | |
|---|---|
| 1500 | Key Events on January 6 |
| 1501 | Jan. 2-5 Travel to Washington, DC |
| 1502 | Zello Audio Recording with Key Videos and Transcript Text |
| 1503 | Compilation of Videos - Before Entry |
| 1504 | Compilation of Videos - Rotunda |
| 1505 | Compilation of Videos - Rotunda-Senate Chamber hallway |
| 1506 | Compilation of Videos – Small House Rotunda area |
| 1507 | Layout of Comfort Inn Hotel |
| 1508 | Comfort Inn CCTV Clips and Montages |
| 1509 | An overview of the entire incident on January 6, from USCP CCTV |
| 1510 | A summary of the official proceeding, showing official House and Senate videos along with relevant excerpts from the Congressional Record |
| 1511 | Senate Chamber Breach |
| **LARGE POSTERBOARD OR OVERVIEW EXHIBITS** | |
| 1512 | Organization Chart |
| 1513 | Defendants' Home States |
| | |

| 1514 | Timeline of Events November 2020 through January 2021 |
| --- | --- |
| 1515 | Chart Showing Locations of Weapons Around Washington, DC |
| 1516 | Timeline of Events January 6 |
| 1517 | Map Depicting Restricted Areas of U.S. Capitol and Grounds on January 6, 2021 |
| 1518 | Chart Summarizing Defendants' and Co-Conspirators' Military Experience |
| 1519 | Timeline of GoToMeetings |
| 1520 | Participant Lists for GoToMeetings |
| 1521 | Cell Site Expert Report |
| 1522 | Signal Chat Participants Chart |
| 1523 | Chart of Signal Group Chats on Stewart Rhodes' Phone |
| 1524 | Chart Summarizing All Chats and all Members of All Chats Across the Phones of Stewart Rhodes, Michael Greene, Kellye SoRelle, Aaron Stone, Kelly Meggs, Kenneth Harrelson, and Terry Cummings |
| 1525 | Binder of All Messages Introduced |

The exhibits themselves are admissible as evidence. *United States v. Hemphill*, 514 F.3d 1350, 1358-59 (D.C. Cir. 2008) (noting that as long as a party has laid a foundation for the underlying documents, a chart summarizing them can itself be evidence under Rule 1006); *see also United States v. Weaver*, 281 F.3d 228, 233 (D.C. Cir. 2002) ("summary" exhibit was "itself evidence serving as a substitute for the actual [underlying documents]" and no cautionary instruction was necessary). These summary exhibits fairly and accurately outline the facts, without using inflammatory or prejudicial wording. They accurately summarize otherwise

admissible documents that are too voluminous for the jury's examination and may impede the jurors' comprehension of the evidence.   Such charts will aid the jury in analyzing the evidence supporting the charged counts of the indictment.

Additionally, over the course of this lengthy trial, numerous witnesses and many hours of electronic and documentary exhibits will be presented to the jury.   To enable the jury to efficiently review the presented evidence, the summary witnesses and exhibits will provide accurate and non-inflammatory summaries of the evidence.   The D.C. Circuit has also approved of summary witnesses, such as proposed in this case.   In *United States v. Fahnbulleh,* 752 F.3d 470, 479 (D.C. Cir. 2014), the Circuit allowed the summary of documents which were so "voluminous as to make comprehension by the jury difficult and inconvenient," *id.*, when certain other conditions were met, including that "the documents themselves must be admissible; the documents must be made reasonably available for inspection and copying."   *Id.*   In addition, "the summary must be accurate and nonpredudicial."   *Id.*   Finally, although the court suggested that "the witness who prepared the summary should introduce it," *id.*, in that case, the witness who supervised others was allowed to provide the summary testimony.   *See also United States v. Kayode,* 254 F.3d 204, n. 9 (D.C. Cir. 2001) (appropriate function of summary witness is to show how numerous exhibits related to each other).   Likewise, in *United States v. Lemire*, 720 F.2d 1327 (D.C. Cir. 1983), the Circuit allowed a witness to provide a summary of lengthy and complex testimony and documents acknowledging the value of summary witness testimony in helping the jury to organize and evaluate information revealed in the testimony of a multitude of witnesses.   *See also United States v. Johnson*, 54 F.3d 1150, 1160 (4th Cir. 1995) (summarizing witness testimony in seven-day trial not an abuse of discretion and "likely helpful to the jury as a summary of the witnesses'

recollections" although adding the weights of drugs sold did not require any specialized knowledge).

Defendant Meggs writes: The Defendants are seeking to work through the hundreds of documents and will reserve their right to object as promptly as they can and in good faith.

## IV.   __Defendants' Exhibit Lists__

The government received the defense exhibit lists shortly before this filing deadline and is still reviewing them.   The government will meet and confer with the defense about any objections early next week and will raise any objections that cannot be resolved at the joint pretrial conference next Wednesday and Thursday.

## V.   __Stipulations__

Enclosed are government stipulations that have been agreed to by all defendants, with one exception.   Defendant Meggs objects to Exhibit 3000, which seeks to establish the authenticity of certain physical evidence.

Enclosed are Defendant Caldwell's three stipulations, to which the government consents.

Defendant Harrelson provided the government with a proposal for several stipulations. The government continues to negotiate with him.

## VI.   __Final Jury Instructions__

At Exhibit 8, the parties submit the parties' proposed final jury instructions, with annotations in ==highlighting== that flag for the Court objections.   The parties have provided citations to support their conflicting proposals, where necessary.

## VII.   <u>Verdict Form</u>

The parties jointly propose the verdict form enclosed at Exhibit 9.  The parties' only disagreement is flagged in the proposed final jury instructions, as to whether a special unanimity instruction and verdict is needed within the second prong of Count 1 (seditious conspiracy), to ask the jurors to be unanimous as to which law(s)' execution was prevented.  Notably, the parties agree that special unanimity is appropriate as to which prong of the seditious conspiracy charge is satisfied: first prong, to oppose by force the authority of the Government of the United States; or second prong, to prevent, hinder, or delay the execution of any law of the United States by force.

As the government explained in detail in the proposed jury instructions, a special unanimity requirement exists when a conviction could be predicated on different *acts* rather than different *means*.  *See United States v. Hurt*, 527 F.3d 1347, 1353 (D.C. Cir. 2008) ("[J]urors need not reach unanimity as to the means of committing a crime.") (citing *Schad v. Arizona*, 501 U.S. 624 (1991)).  There is no requirement that the jurors be unanimous as to which law(s) of which the execution was intended to be impeded by the conspiracy.  It is sufficient for the jurors to find that the conspiracy had as its purpose the prevention of the execution of any law governing the transfer of presidential power.  *See United States v. Hubbard*, 889 F.2d 277, 280 (D.C. Cir. 1989) (finding, on plain error review, that, given the "similarity and interrelatedness of the overt acts alleged," a special unanimity instruction was not required for a conspiracy count); *see also United States v. Dvorin*, 817 F.3d 438, 447 (5th Cir. 2016) ("[W]here a defendant is charged with one conspiracy, a special unanimity instruction is not required.").

\* \* \*

18

WHEREFORE, the parties respectfully submit this Joint Pretrial Statement for the Court's consideration.

Respectfully submitted,

_____/s/_____          _____/s/_____
PHILLIP LINDER, ESQ.                    KATHRYN RAKOCZY
JAMES LEE BRIGHT, ESQ.                  JEFFREY NESTLER
EDWARD TARPLEY, ESQ.                    LOUIS MANZO
Attorneys for Defendant Rhodes          ALEXANDRA HUGHES
                                        TROY EDWARDS, JR.
                                        Attorneys for the Government


_____/s/_____
STANLEY WOODWARD, ESQ.
JULIA HALLER, ESQ.
Attorneys for Defendant Meggs


_____/s/_____
BRADFORD GEYER, ESQ.
Attorney for Defendant Harrelson


_____/s/_____
JONATHAN CRISP, ESQ.
Attorney for Defendant Watkins


_____/s/_____
DAVID FISCHER, ESQ.
Attorney for Defendant Caldwell