UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
| )| |
| v.         ) | Criminal No. 22-cr-15 (APM) |
| ) | |
| ELMER STEWART RHODES, III et al.,  ) | |
| ) | |
| Defendants.        ) | |

## ORDER

At the Pretrial Conference held on September 14, 2022, counsel for Defendant Kelly Meggs raised the prospect of advancing an advice-of-counsel defense at trial. This was the first time the court, and perhaps the government, had heard of this possibility.

To ensure the orderly conduct of trial, including making timely and adequate pretrial disclosures, any defendant who intends to assert an advice-of-counsel defense as to any count of the Indictment shall make such disclosure to the government by September 21, 2022. *See United States v. Crowder*, 325 F. Supp. 3d 131, 137–138 (D.D.C. 2018) (imposing a pretrial disclosure requirement for an advice-of-counsel defense). Such disclosure is necessary to assess the viability of the defense. *See United States v. West*, 392 F.3d 450, 456–57 (D.C. Cir. 2004) ("The defense of advice of counsel necessarily fails where counsel acts as an accomplice to the crime."); *United States v. DeFries*, 129 F.3d 1293, 1308 (D.C. Cir. 1997) (stating that a defendant is entitled to an advice-of-counsel instruction if he produces "evidence showing: (1) he made full disclosure of all material facts to his attorney before receiving the advice at issue; and (2) he relied in good faith on the counsel's advice that his course of conduct was legal").

Notice is also needed to timely compel the disclosures necessary to allow the government to prepare for the defense. *See Crowder*, 325 F. Supp. 3d at 138. Because an advice-of-counsel defense results in waiver of the attorney-client privilege, any defendant asserting it shall be required to turn over "any communications or evidence [the defendant] intend[s] to use to establish the defense." *Id.* And, "even otherwise-privileged communications that defendants do not intend to use at trial, but that are relevant to proving or undermining the advice-of-counsel defense, are subject to disclosure in their entirety." *Id.* (internal quotation marks omitted).[1]

The deadline for providing notice is necessarily short because trial is set to begin on September 27, 2022. Defendants have had ample time to determine whether to advance the defense. The court misspoke at the Pretrial Conference when it said that it has known for months *through the media* that the Oath Keeper's counsel, Kellye SoRelle, had advised members to delete potential evidence from their devices. The court actually learned of that fact from Joshua James's Statement of Offense in support of his plea. Statement of Offense, ECF No. 60, ¶ 47 (referencing a Signal message from someone who James "understood to be an attorney for the Oath Keepers that stated, 'STEWART: YOU ALL NEED TO DELETE ANY OF YOUR COMMENTS REGARDING WHO DID WHAT. You are under zero obligation to leave them up. You/we have not yet gotten a preservation order instructing us to retain those chat comments. So DELETE THEM. . . . So GET BUSY. DELETE your self-incriminating comments or those that can incriminate others. Start now . . .'"). That Statement was publicly docketed on March 2, 2022. *See id.* Thus, Defendants have been on notice about the prospect of an advice-of-counsel defense, at least as it relates to the tampering with documents charges under 18 U.S.C. § 1512(c)(1), for six

---

[1] The court is aware that the government seized Kellye SoRelle's telephone some months ago. The court does not, however, know whether the government segregated potential attorney-client communications available on the device or from any other source.

months.  Indictment, ECF No. 167, Counts 7–13.  Contrary to the suggestion of Defendant Meggs's counsel at the Pretrial Conference, the § 1512(c)(1) charges are not new.  They have been part of this case since the start.  See Indictment, ECF No. 1, Counts 9–17.

The court may preclude a defendant from asserting an advice-of-counsel defense if they fail to provide the notice required by this Order.  See Crowder, 325 F. Supp. 3d at 138.

Date:  September 15, 2022

Amit P. Mehta
United States District Court Judge