UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | Case No. 22-cr-15-APM |
| § | |
| ELMER STEWART RHODES, III, § | |
| KELLY MEGGS, § | |
| KENNETH HARRELSON, § | |
| JESSICA WATKINS, § | |
| ROBERTO MINUTA, § | |
| JOSEPH HACKETT, § | |
| DAVID MOERSCHEL, § | |
| THOMAS CALDWELL, and § | |
| EDWARD VALLEJO, § | |
| § | |
| Defendants. § | |

**MOTION *IN LIMINE* TO PRECLUDE
GOVERNMENT'S USAGE OF CERTAIN TERMS AT TRIAL**

COMES NOW the Defendant, Elmer Stewart Rhodes III, by and through undersigned counsel, and hereby respectfully moves this Honorable Court to preclude the government or witnesses from using the following terms or combination of terms to describe the defendants and/or the Oath Keepers organization, pursuant to Fed. R. Evid. 403: "anti-government," "militia," "organized militia," "extremists," "extremism," "racist," "racism," "white supremacism," "white supremacist," "white nationalism," and/or "white nationalist."

**BACKGROUND**

Stewart Rhodes is the founder of the Oath Keepers, an organization that has described itself as a "non-partisan association of current and formerly serving military, police, and first responders, who pledge to fulfill the oath all military and police take to defend the Constitution against all

enemies, foreign and domestic."[1] The group is not a militia[2]—a fact that the government itself has acknowledged in the indictment. *See* ECF 167 at 3 ("[T]he Oath Keepers [is] a large but loosely organized collection of individuals, some of whom are associated with militias."). Yet, in its filings, the government has indicated its intent to introduce testimony that the Oath Keepers is part of the "militia movement" and "is at its core an antigovernment organization" with ties to "antigovernment extremism." *See* ECF 250 at 4. Likewise, some of the discovery in this case uses highly prejudicial, false descriptors such as "racist," "white supremacist," and "white nationalist" when referring to the Oath Keepers.

## ARGUMENT

Federal courts have wide discretion to exclude relevant evidence on grounds of unfair prejudice or confusion. *See* Fed. R. Evid. 403. Consequently, courts routinely preclude the use of certain terms at trial when parties or witnesses refer to a criminal defendant. *See, e.g.*, *United States v. Carr*, 2016 U.S. Dist. LEXIS 64822, at *2 (D. Nev. 2016) (precluding government from using the word "gang" to describe motorcycle group at trial); *United States v. King*, 2022 WL 227242, at *7 (D. Colo. 2022) (precluding government from referring to defendant as "terrorist"); *United States v. Asuncion*, 2017 WL 11530425, at *1 (E.D. Wash. 2017) (precluding law enforcement witnesses from using the term "violent offender" when referencing the defendant).

Testimony or evidence referring to the defendants or the Oath Keepers as antigovernment, extremists, racists, etc. would add nothing but prejudice into what already promises to be an emotionally charged trial. For instance, the descriptor "antigovernment" could stir particularly

---

[1] *Oath Keepers: Guardians of the Republic*, Library of Congress: Web Archive, https://www.loc.gov/item/lcwaN0003728/.
[2] *See, e.g.*, *Our Story*, Oath Keepers Utah, https://oathkeepersutah.com/.

negative feelings among District of Columbia jurors, many of whom work for, or adjacent to, the government. Likewise, the word "extremist" undoubtedly invokes images of the worst form of criminal activity, and it is difficult to name a descriptor that arouses more disgust than the label "racist" or "white supremacist." Preclusion of these terms would also guard against juror confusion. Falsely referring to the Oath Keepers as a "militia" would obscure the true meaning of that term, which comprises an important part of the defense. *See* ECF 324 at 24–28.

This substantial risk of harm far outweighs any probative value of such descriptors. Even if the labels *were* correct, they would do little to nothing to answer the question of whether the defendants committed the acts alleged in the indictment. Allowing the government and/or its witnesses to use these terms would serve only to inflame and confuse the jury—risking a conviction based not on the actions of the defendants, but on what the jury perceives to be their divisive ideology, future dangerousness, or some other inappropriate basis. Accordingly, each of these terms should be excluded pursuant to Fed. R. Evid. 403. *See Old Chief v. United States*, 519 U.S. 172, 182–85 (1997).

RESPECTFULLY SUBMITTED,

   /S/ JAMES LEE BRIGHT
JAMES LEE BRIGHT

3300 OAK LAWN AVENUE, SUITE 700
DALLAS, TEXAS 75219
TEL: (214) 720-7777
FAX: (214) 720-7778
JLBRIGHTLAW@GMAIL.COM
TEXAS BAR NO : 24001786


   /S/ PHILLIP A. LINDER
PHILLIP A. LINDER

3300 OAK LAWN AVENUE, SUITE 700
DALLAS, TEXAS 75219
(214) 252- 9900 OFFICE
(214) 252-9902 FAX
PHILLIP@THELINDERFIRM.COM
TEXAS BAR NO. 12363560

*ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the attached pleading was served on the Assistant United States Attorney Kathryn Rakoczy via ECF on September 27, 2022.

/S/ PHILLIP A. LINDER
*ATTORNEY FOR DEFENDANT*
