**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 22-cr-15 (APM)** |
| | : | |
| **v.** | : | |
| | : | |
| **ELMER STEWART RHODES III,** | : | |
| | : | |
| **KELLY MEGGS,** | : | |
| | : | |
| **KENNETH HARRELSON,** | : | |
| | : | |
| **JESSICA WATKINS, and** | : | |
| | : | |
| **THOMAS CALDWELL,** | : | |
| | : | |
| Defendants. | : | |

## <u>JOINT PROPOSED JURY INSTRUCTIONS</u>

Pursuant to the Court's Consolidated Pretrial Order (ECF No. 133), the parties hereby jointly propose the following final jury instructions, subject to issues that arise during trial:

1. Furnishing the Jury with a Copy of the Instructions, Redbook 2.100

2. Function of the Court, Redbook 2.101

3. Function of the Jury, Redbook 2.102

4. Jury's Recollection Controls, Redbook 2.103

5. Evidence in the Case, Redbook 2.104

6. Statements of Counsel, Redbook 2.105

7. Burden of Proof—Presumption of Innocence, Redbook 2.107

8. Reasonable Doubt, Redbook 2.108

9. Direct and Circumstantial Evidence, Redbook 2.109

10. Nature of Charges Not To Be Considered, Redbook 2.110

11. Number of Witnesses, Redbook 2.111

1

12. Inadmissible and Stricken Evidence, Redbook 2.112

13. Credibility of Witnesses, Redbook 2.200

14. Accomplice's Testimony, Redbook 2.202

15. Witness With a Plea Agreement, Redbook 2.203

16. INTENTIONALLY BLANK

17. Police Officer's Testimony, Redbook 2.207

18. Right of Defendant Not to Testify, Redbook 2.208

19. Defendant As Witness, Redbook 2.209 (if applicable)

20. False or Inconsistent Statement by Defendant, Redbook 2.210 (if applicable)

21. Character of Defendant, Redbook 2.213 (if applicable)

22. Specialized Opinion Testimony, Redbook 2.215

23. INTENTIONALLY BLANK

24. Evaluation of Prior Inconsistent Statement of a Witness, Redbook 2.216 (if applicable)

25. Evaluation of Prior Consistent Statement of a Witness, Redbook 2.217 (if applicable)

26. Impeachment by Proof of Conviction of a Crime, Redbook 2.218 (if applicable)

27. Evidence Admitted Against One Defendant Only, Redbook 2.308

28. Transcripts of Tape Recordings, Redbook 2.310

29. Other Acts Evidence

30. Instruction Regarding Speech

31. Instruction Regarding Firearms

32. Multiple Defendants—Multiple Counts, Redbook 2.404

33. Organization and Persons Not Present

34. Unanimity—General, Redbook 2.405

35. Verdict Form Explanation, Redbook 2.407

36. Proof of State of Mind, Redbook 3.101

37. Proof of "On or About," Redbook 3.103

38. Summary of Indictment

39. Conspiracy, Generally

    a.   Definition of conspiracy

    b.   Existence of conspiracy

    c.   Success is irrelevant

    d.   "Knowing," "intentionally," and "unlawfully"

    e.   Duration and extent of the defendant's participation

    f.   Termination of a conspiracy

40. Count One, Seditious Conspiracy, 18 U.S.C. § 2384

    a.   Elements

    b.   Unanimity

    c.   Definitions

41. Count Two, Conspiracy to Obstruct an Official Proceeding, 18 U.S.C. § 1512(k)

    a.   Elements

    b.   Definitions

42. Count Three, Obstruction of an Official Proceeding, 18 U.S.C. § 1512(c)(2)

    a.   Introduction

    b.   Elements

    c.   Definitions

    d.   Attempt

     e.   Aiding and Abetting

     f.   Co-conspirator Liability

     g.   Concluding Remarks

43. Count Four, Conspiracy to Prevent Members of Congress from Discharging Their Duties, 18 U.S.C. § 372

     a.   Elements

     b.   Definitions

44. Count Five, Destruction of Government Property, 18 U.S.C. § 1361

     a.   Introduction

     b.   Elements

     c.   Definitions

     d.   Attempt

     e.   Aiding and Abetting

     f.   Concluding Remarks

45. Count Six, Interference with Officers During a Civil Disorder, 18 U.S.C. § 231

     a.   Introduction

     b.   Elements

     c.   Definitions

     d.   Attempt

     e.   Aiding and Abetting

     f.   Concluding Remarks

46. Counts Seven, Eight, Nine, and Ten, Tampering with Documents or Proceedings, 18 U.S.C. § 1512(c)(1)

  a.   Introduction

  b.   Elements

  c.   Attempt

  d.   Aiding and Abetting

  e.   Concluding Remarks

47. Redacted Documents and Tapes, Redbook 2.500

48. Exhibits During Deliberations, Redbook 2.501

49. Selection of Foreperson, Redbook 2.502

50. Possible Punishment Not Relevant, Redbook 2.505

51. Cautionary Instruction on Publicity, Communication, and Research, Redbook 2.508

52. Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

53. Attitude and Conduct of Jurors in Deliberations, Redbook 2.510

54. Excusing Alternate Jurors, Redbook 2.511

### [29] Other Acts Evidence

You have heard evidence about other alleged acts of the defendants with which they are not charged in the indictment.   Specifically, the government presented evidence:

(1) That [summary of evidence].   This evidence was offered to prove [motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident]

(2) [same]

You must decide whether this evidence is true.   If you decide it is not true, ignore it.   If you decide it is true, you may only use it for the purposes I have mentioned.   You may not use the evidence to infer that the defendants had a predisposition to engage in criminal conduct, or that it is more likely that, because the defendants may have engaged in other acts, that they committed the offenses charged in the indictment in this case.   The law does not allow you to convict a defendant simply because you believe the defendant may have done bad things not specifically charged as crimes in this case.

### [30] Proposed Instruction Regarding Speech

You heard evidence about statements made to and by some defendants and other individuals.   The First Amendment of the United States Constitution protects an individual's right to free speech, including speech that you may find to be vile, hateful, or offensive.   The First Amendment does not, however, provide a right to engage in speech that is integral to criminal conduct.   You may not find that a defendant committed a crime, or that a conspiracy existed, simply because you find that a defendant, or other individuals, engaged in speech you find to be offensive.   You may, however, consider the statements made by defendants and other individuals

as evidence that, for example, a conspiracy existed, a defendant entered into a conspiracy, or a defendant had a certain motive, intent, or knowledge.

**[31] Proposed Instruction Regarding Firearms**

You heard evidence that some defendants and other individuals possessed firearms.   The Second Amendment of the United States Constitution protects an individual's right to possess firearms in certain circumstances, and there is nothing inherently unlawful about doing so.   The Second Amendment does not, however, provide a right to possess or use firearms to commit a crime, including to further a conspiracy.   You may not infer that a defendant had a predisposition to engage in criminal conduct simply because a person lawfully possessed firearms.   You may, however, consider this evidence as circumstantial proof that a defendant planned to do something unlawful.

**[33] Proposed Instruction for Organization and Persons Not Present**

The Oath Keepers organization is not a defendant in this case, and the defendants are not on trial for having knowledge of, or being associated with, the Oath Keepers organization.

In our system of justice, guilt or innocence is personal and individual and you should not make any inferences or speculate about other individuals you have heard about in this trial or whether they have been charged with crimes.   I have decided which defendants will stand trial together and at which time.   The only issue for you to decide is whether the government has proved each of these defendants guilty beyond a reasonable doubt.

**[36] Proof of State of Mind**

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances.   You may consider any statement made or acts

done by the defendant, and all other facts and circumstances received in evidence which indicate his or her intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he or she intentionally did or intentionally did not do.   It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.   You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

While a defendant must act with the intent as I describe below for each charged crime, this need not be the defendant's sole purpose. A defendant's unlawful intent is not negated by the simultaneous presence of another purpose for the defendant's conduct.

### [38] Summary of Indictment

With these preliminary instructions in mind, let us turn to the charges against the defendants, as contained in the indictment.   The indictment itself is not evidence.   It merely describes the charges made against each defendant and is the means by which each defendant was formally notified of the charges against him or her.   The indictment is merely an accusation.   It may not be considered by you as evidence of the guilt of any defendant, and you must not draw any inference of guilt from it.

The indictment in this case contains conspiracy charges and other charges.   The indictment alleges that the defendants agreed to oppose by force the lawful transfer of presidential power following the 2020 U.S. Presidential Election, and, in so doing, that the defendants violated three separate conspiracy laws.   The first conspiracy charge is Count One, seditious conspiracy, which charges that the defendants entered an agreement to try to stop the lawful transfer of power by

opposing by force the authority of the Government of the United States, or to use force to prevent, hinder, and delay the execution of any law of the United States.   The second conspiracy charge is Count Two, conspiracy to obstruct an official proceeding, which charges that the defendants entered an agreement to obstruct an official proceeding, that is, Congress's session on January 6, 2021, to certify the Electoral College votes.   And the third conspiracy charge is Count Four, conspiracy to prevent members of Congress from discharging their duties.

With regard to the other charges: Count Three of the indictment charges all five defendants with obstruction of an official proceeding, meaning Congress's session on January 6 to certify the Electoral College votes.   Count Five charges defendants Kelly Meggs, Kenneth Harrelson, and Jessica Watkins with destruction of government property, for the alleged damage to property at the U.S. Capitol on January 6.   Count Six charges Jessica Watkins with committing an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, for allegedly interfering with police officers inside the Capitol on January 6.   Finally, Counts Seven, Eight, Nine, and Ten charge defendants Stewart Rhodes, Kelly Meggs, Kenneth Harrelson, and Thomas Caldwell with obstruction of justice for tampering with documents or proceedings.   These charges are based on the allegation that these defendants, after January 6, deleted certain content from their cell phones or social media accounts —or, in the case of Stewart Rhodes, encouraged or instructed other people to delete the content—to prevent the grand jury from obtaining that content.

### [39] Proposed Instruction for Conspiracy

The law of conspiracy that I am about to explain to you applies to Count One, charging the defendants with seditious conspiracy; Count Two, charging the defendants with conspiracy to obstruct an official proceeding; and Count Four, charging the defendants with conspiracy to

prevent Members of Congress from discharging their duties.   I will instruct you as to each of those offenses, but first I will instruct you as to certain principles about conspiracies that apply to all three of these offenses.

*Definition of conspiracy*

A conspiracy is an agreement by two or more persons to join together to accomplish some unlawful purpose.

To sustain its burden of proof with respect to each of the offenses charged in Counts One, Two, and Four—seditious conspiracy, conspiracy to obstruct an official proceeding, and conspiracy to prevent Members of Congress from discharging their duties—the government must prove beyond a reasonable doubt the following two elements:

First, the existence of the charged conspiracy—that is, the existence of an agreement or understanding to commit the unlawful object of such conspiracy; and

Second, that the defendant knowingly became a member of the conspiracy, with intent to achieve the illegal object of the charged conspiracy.

Now I will separately discuss each of these elements.

*Existence of a conspiracy*

*Government proposal:*

To show that a conspiracy existed, the evidence must show beyond a reasonable doubt that two or more persons in some way or manner, either explicitly or implicitly, came to an understanding to accomplish an unlawful plan.

In determining whether there has been an unlawful agreement as alleged in the indictment, you may consider the actions of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose.  The only evidence that may be available with respect to the existence

of a conspiracy is that of disconnected acts on the part of the alleged individual co-conspirators. When taken all together and considered as a whole, however, you may conclude—or may not, as your good judgment dictates—that this evidence warrants the inference that a conspiracy existed just as conclusively as more direct proof, such as evidence of an express agreement.

To prove the existence of a conspiracy, the government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details. Common sense tells you that when people agree to enter into a criminal conspiracy, much is left to unexpressed understanding. It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.

*Defense proposal:*

The first element of the crime of conspiracy is the existence of an agreement. The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy [to commit the charged offense]. The government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding. The government also does not have to prove that all members of the conspiracy directly met, or discussed between themselves their unlawful objective[s], or agreed to all the details, or agreed to what the means were by which the objective[s] would be accomplished. What the government must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the government has proved beyond a reasonable doubt that an agreement or mutual understanding existed.   You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.

*Success is irrelevant*

It does not matter whether the persons who formed the agreement actually carried out their plans or whether the agreement ultimately was successful.

Of course, proof concerning the accomplishment of the object of a conspiracy may be the most persuasive evidence of the existence of the conspiracy itself. In other words, success in carrying out an act, if you believe it was carried out, is often the best proof of the agreement—but as I just said, it is not necessary that a conspiracy actually succeed in its purpose for you to conclude that it existed.

*"Knowing," "intentionally," and "unlawfully"*

If you conclude that the government has proven beyond a reasonable doubt that the conspiracy you are considering existed, and that the conspiracy had as its object one of the illegal purposes charged in the indictment, then you must next determine whether the defendant intentionally participated in that conspiracy with knowledge of its unlawful purposes, and with the intent to further its unlawful objectives.

The government must prove beyond a reasonable doubt that the defendant knowingly and intentionally entered into the conspiracy with criminal intent—that is, with a purpose to violate

the law—and that he agreed to take part in the conspiracy to promote and cooperate in its unlawful objectives.

"Unlawfully" simply means contrary to law. A defendant does not need to have known that he was breaking any particular law, but he must have been aware of the generally unlawful nature of his acts.

The terms "knowingly" and "intentionally" mean that to find that a defendant joined the conspiracy, you must conclude beyond a reasonable doubt that in doing so, he knew what he was doing; in other words, that the defendant took the actions in question deliberately and voluntarily. An act is done "knowingly" and "intentionally" if it is done deliberately and purposely; that is, the defendant's acts must have been the product of the defendant's conscious objective, rather than the product of a mistake or accident, or mere negligence, or some other innocent reason.

You have heard evidence of certain acts and conversations that are alleged to have taken place with a defendant or while a defendant was listening to, watching, or reading the conversations or observing the acts. You may, but are not required to, consider this evidence in determining whether these acts and conversations show beyond a reasonable doubt a defendant's knowledge of the unlawful purposes of the conspiracy. You may consider this evidence along with other evidence in the case and give it as much weight as you think it deserves.

It is not necessary for the government to show that the defendant was fully informed as to all the details of the conspiracy for you to infer knowledge on his part. To have guilty knowledge, the defendant need not know the full extent of the conspiracy or all of the activities of all of its participants. It is not necessary for the defendant to know every other member of the conspiracy. In fact, the defendant may know only one other member of the conspiracy and still be a co-

conspirator. It is enough if he participated as a conspirator unlawfully, intentionally, and knowingly as I have defined those terms.

### _Duration and extent of the defendant's joining of the agreement_

The duration and extent of the defendant's joining of the agreement has no bearing on the issue of the defendant's guilt. He need not have joined the conspiracy at the outset. With regard to liability for conspiracy (although not substantive offenses), the defendant may have joined the conspiracy at any time in its progress, and will still be held responsible for all that was done before he joined, if those acts were reasonably foreseeable and within the scope of the defendant's agreement, and for all that was done during the conspiracy's existence while he was a member. Each member of a conspiracy may perform separate and distinct acts, or no acts at all. Some conspirators may play major roles, while others play only minor roles in the scheme. An equal role is not what the law requires, and a defendant does not need perform any specific act beyond joining the conspiratorial agreement.

I want to caution you, however, that a person's mere association with a member of a conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place. For example, mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction for conspiracy. In other words, knowledge without agreement is not sufficient. What is necessary is that the defendant has joined the conspiracy with knowledge of its unlawful purposes and with an intent to aid in the accomplishment of its unlawful objectives. A person may know, or be friendly with, a conspirator without being a conspirator himself. Mere similarity of conduct or the fact that persons may have assembled together and discussed common aims and interests does not necessarily establish membership in a conspiracy.

I also want to caution you that mere knowledge of or acquiescence to the unlawful plan—without agreement in it—is not sufficient.  Moreover, the fact that the acts of the defendant without knowledge merely happened to further the purposes or objectives of the conspiracy, does not make the defendant a member.  More is required under the law.  The defendant must have joined the agreement with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, you must find beyond a reasonable doubt that the defendant, with an understanding of the unlawful nature of the conspiracy, intentionally engaged, advised or assisted in the conspiracy for the purpose of furthering an illegal undertaking.  The defendant thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

### *Termination of a conspiracy*

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.  Similarly, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until its termination.

It is not essential that the government prove that a particular conspiracy alleged in the indictment started or ended on any of the specific dates described for that conspiracy.  It is sufficient if you find that the conspiracy was formed and that it existed within the time set forth in the indictment.

**[40] Proposed Instruction for Seditious Conspiracy**

Count One of the indictment charges that the defendants participated in a conspiracy to do at least one of two things: (1) to oppose by force the authority of the Government of the United States, or (2) to prevent, hinder, or delay the execution of any law of the United States by force.

<u>Elements</u>

In order to find a defendant guilty of conspiring to oppose by force the authority of the Government of the United States, or to prevent, hinder, or delay the execution of any law of the United States by force, you must find that the government proved each of the following two elements beyond a reasonable doubt:

First, that the defendant conspired or agreed with at least one other person with the goal of opposing by force the authority of the Government of the United States, or preventing, hindering, or delaying the execution of any law of the United States by force.

Second, that the defendant joined or entered into that agreement with awareness of one or both of its unlawful goals.

I have already instructed you generally on conspiracies. But I will now give you additional instructions specific to the offense of seditious conspiracy charged in Count One.

<u>Unanimity as to the Objects or Goals of the Conspiracy</u>

The object of a conspiracy is the illegal goal that the conspirators agree or hope to achieve. A conspiracy may have more than one object.

Count One charges the defendants with conspiring to achieve two separate goals or objects: opposing the authority of the Government of the United States by force, and preventing, hindering, or delaying the execution of any law of the United States by force. Although two separate goals of

the conspiracy are charged, you may find the conspiracy proved if it is established that either one of those goals was agreed to by two or more persons.

The government is not required to prove both goals of the conspiracy. However, the government must prove at least one of those two goals beyond a reasonable doubt. If the government has not proved that at least one of those goals was a goal of the conspiracy charged in Count One, your verdict must be not guilty.

As to either or both goals which you may find the conspirators agreed to promote, you must be unanimous. For example, if some of you find that the conspirators agreed only to oppose by force the authority of the Government of the United States, and the remaining jurors find that the conspirators agreed only to prevent, hinder, or delay the execution of any law of the United States by force, that is not enough. You must be unanimous as to one or the other or both.

<u>Definitions</u>

The two goals of the conspiracy charged in the indictment—(1) to oppose by force the authority of the Government of the United States, and (2) to prevent, hinder, or delay the execution of any law of the United States by force—both have as a common ingredient the intent to use force to oppose the United States, functioning through its government.   I will now explain these concepts.

To determine whether a defendant conspired to "oppose by force the authority of the United States," you must consider whether the defendant agreed to oppose the authority of the United States and whether that agreement was to do so by force.   A conspiracy to oppose the authority of the United States requires an agreement to commit an act that would adversely affect the ability of the United States government to govern or perform one of its proper functions.   The agreement must be to resist some positive assertion or actual exercise of authority by the government.   An

agreement to merely violate the law is not sufficient.   Affecting the ability of the United States government to govern or to perform one of its proper functions must be a principal purpose of the member of the conspiracy who intends to commit the act and not merely an incidental effect of an act that is planned or carried out for another purpose.

To determine whether the defendants conspired to prevent, hinder, or delay the execution of any law of the United States by force, you should determine whether they agreed to engage in conduct for the purpose of preventing, hindering, or delaying the execution of the laws governing the transfer of presidential power.   Those laws include the United States Constitution (specifically Article II and the Twelfth Amendment) and Title 3, Section 15 of the United States Code.   The Twelfth Amendment to the Constitution provides that the Vice President, as the President of Senate, must in the presence of the Senate and House of Representatives open all the certificates for presidential election sent by the Electors to Congress.   Title 3, Section 15 of the United States Code further provides that the Senate and House of Representatives must meet for that purpose at 1 pm on January 6 following a presidential election.   Finally, Article II to the United States Constitution, as amended by the Twelfth and Twentieth Amendments, provides that the person with the greatest number of votes, after that person takes the required oath, shall become president on January 20.

Both goals of the seditious conspiracy require an agreement that physical force would be used.   An agreement to accomplish the goals of the conspiracy by litigation, advocacy, protest, or deceit is insufficient.   Force is defined in the conventional or ordinary sense.   An act involves force if it threatens or results in violence or if it threatens or results in harming or destroying property or harming or killing people.   It is not necessary for the government to show that force was actually used by the conspirators.   Nor is it necessary for the government to prove that the

conspirators agreed as to every detail of how force was to be used, or as to the specific targets of the use of force. Indeed, just as participants in a legitimate business venture may be unaware of details or may disagree about details, and still be working together to make a profit, so too participants in a criminal venture may be unaware of details or disagree about details and still be working together to further an unlawful purpose. However, the government must prove at least that the conspirators intended that force would be used.

**[41] Proposed Instruction for Conspiracy to Obstruct an Official Proceeding**

Count Two of the indictment charges that the defendants participated in a conspiracy to obstruct an official proceeding.

Elements

In order to find a defendant guilty of conspiring to obstruct an official proceeding, you must find that the government proved each of the following two elements beyond a reasonable doubt:

First, that the defendant conspired or agreed with at least one other person with the goal of committing the crime of obstructing an official proceeding.

Second, that the defendant joined or entered into that agreement with awareness of its unlawful goal.

I have already instructed you generally on conspiracies. The instructions in Count Three, which charges obstruction of an official proceeding and which I am about to provide, apply equally here when you are considering whether each defendant conspired to commit the crime that is charged substantively in Count Three.

**[42] Proposed Instruction for Obstruction of an Official Proceeding**

Count Three of the indictment charges the defendants with corruptly obstructing an official proceeding, which is a violation of the law.   Count Three also charges the defendants with attempting to obstruct or impede an official proceeding and aiding and abetting others to commit that offense.

I will first explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether each defendant *attempted* the offense, whether each defendant *aided and abetted* the offense, or whether each defendant can be held responsible for the offense under *co-conspirator* liability.

### Elements

In order to find a defendant guilty of corruptly obstructing an official proceeding, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First, the defendant obstructed or impeded an official proceeding.

Second, the defendant intended to obstruct or impede the official proceeding.

Third, the defendant acted knowingly, with awareness that the natural and probable effect of the defendant's conduct would be to obstruct or impede the official proceeding.

Fourth, the defendant acted corruptly.

### Definitions

The term "official proceeding" includes a proceeding before the Congress.   The official proceeding need not be pending or about to be instituted at the time of the offense.   If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.   As used in Counts Two and Three, the term "official proceeding" means Congress's Joint Session to certify the Electoral College vote.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.   In deciding whether a defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

To act "corruptly," the defendant must use unlawful means or have an improper purpose, or both.   The defendant must also act with "consciousness of wrongdoing."   "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly.   For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly.   In contrast, an individual who obstructs or impedes a court proceeding by engaging in conduct such as offering illegal bribes, engaging in violence, committing fraud, or through other independently unlawful conduct, is acting corruptly.

While the defendant must act with intent to obstruct the official proceeding, this need not be the defendant's sole purpose.   A defendant's unlawful intent to obstruct justice is not negated by the simultaneous presence of another purpose for the defendant's conduct.

<u>Attempt</u>

In Count Three, the defendants are also charged with attempting to commit the crime of obstruction of an official proceeding.   An attempt to commit obstruction of an official proceeding is a crime even if the defendant did not actually complete the crime of obstruction of an official proceeding.   In order to find the defendant guilty of attempting to commit obstruction of an official proceeding, you must find that the government proved beyond a reasonable doubt each of the following two elements:

First, that the defendant intended to commit the crime of obstruction of an official proceeding, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because the defendant thought about it.   You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because the defendant made some plans to or some preparation for committing that crime.   Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish the defendant's intent to commit obstruction of an official proceeding.   However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

<u>Aiding and Abetting</u>

In this case, the government further alleges that the defendants aided and abetted others in committing, or attempting to commit, obstruction of an official proceeding, as charged in Count Three.   A person may be guilty of an offense if he aided and abetted another person in committing the offense.   A person who has aided and abetted another person in committing an offense is often called an accomplice.   The person whom the accomplice aids and abets is known as the principal.

It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of obstruction of an official proceeding because the defendant aided and abetted others in committing this offense or attempting to commit this offense, you must find the that the government proved beyond a reasonable doubt the following five requirements:

First, that others committed, or attempted to commit, obstruction of an official proceeding, by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that obstruction of an official proceeding was going to be committed, was being committed, or was attempted to be committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing, or attempting to commit, the offense of obstruction of an official proceeding.

Fifth, that the defendant did that act or acts with the intent that others commit, or attempt to commit, the offense of obstruction of an official proceeding.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government needs to show some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of

the offense charged; it is enough if the defendant's act or acts further aid, assist, facilitate, or encourage only one or some parts or phases of the offense.   Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abetter.   If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you may not find the defendant guilty of the obstruction of an official proceeding as an aider and abettor.   The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

<u>Co-Conspirator Liability</u>

In this case, the government further alleges that the defendants are guilty of the crime of obstruction of an official proceeding as charged in Count Three based on co-conspirator liability. A defendant is responsible for an offense committed by another member of the conspiracy if the defendant was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, and as a natural consequence of, the conspiracy. In order to find a

defendant guilty of obstruction of an official proceeding as charged in Count Three, you must find the that the government proved beyond a reasonable doubt the following six requirements:

First, the defendant knowingly joined a conspiracy;

Second, the charged offense was committed by a member of that conspiracy;

Third, that the defendant was a member of the conspiracy at the time the charged offense was committed;

Fourth, that the charged offense was committed during the existence of the conspiracy;

Fifth, that the charged offense was committed in furtherance of the conspiracy; and

Sixth, that the charged offense was a reasonably foreseeable consequence of the conspiracy.   It is not necessary that the crime was intended as part of the original plan, only that it was a reasonably foreseeable consequence of the original plan.

The principles governing conspiracy that I explained above apply here as well.

<u>Concluding Remark for Count Three</u>

A defendant may be found guilty of the offense charged in Count Three if the defendant obstructed an official proceeding, attempted to obstruct an official proceeding, aided and abetted the obstruction of an official proceeding, or as a result of co-conspirator liability.  Each of these four ways of committing the offense is described in the instructions that I have given you.  You are not required to consider the ways of committing this offense in any particular order.  If you find beyond a reasonable doubt that the defendant committed the offense of obstruction of an official proceeding in any one of these four ways, you should find the defendant guilty of Count Three and you need not consider whether the defendant committed the offense of obstruction of an official proceeding in the other three ways.

**[43] Proposed Instruction for Conspiracy to Prevent Members of Congress from Discharging Their Duties**

Count Four of the indictment charges the defendants with conspiring to prevent Members of Congress from discharging their duties, which is a violation of the law.

<u>Elements</u>

In order to find the defendant guilty of conspiring to prevent Members of Congress from discharging their duties, you must find that the government proved each of the following two elements beyond a reasonable doubt:

First, that the defendant agreed with at least one other person to, by force, intimidation, or threat, (a) prevent a Member of Congress from discharging a duty as a Member of Congress, or (b) induce a Member of Congress to leave the place where the member of Congress's duties are required to be performed.

Second, that the defendant knew of the agreement and willfully joined the agreement.

I have already instructed you generally on conspiracies. And the instruction I gave you earlier about unanimity with respect to the objects or goals of the conspiracy applies equally here: As to either or both goals which you may find the conspirators agreed to promote, you must be unanimous.

**[44] Proposed Instruction for Destruction of Government Property**

Count Five of the indictment charges Kelly Meggs, Kenneth Harrelson, and Jessica Watkins with injuring, damaging, or destroying property of the United States. Count Five also charges the same three defendants with *attempting* to injure, damage, or destroy property of the United States and with *aiding and abetting* others to commit that offense.   I will first explain the elements of the substantive offense. I will then instruct you on the elements for attempting to commit the crime and aiding and abetting others to commit the crime.

Elements

In order to find a defendant guilty of injuring, damaging, or destroying property of the United States, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First, that the defendant injured, damaged, or destroyed property;

Second, that the defendant did so willfully;

Third, that the property involved was property of the United States, or of any department or agency thereof; and

Fourth, the damage or attempted damage to the property in question exceeded the sum of $1,000.

Definitions

A defendant acts "willfully" if the defendant acted with a bad purpose or knowledge that the defendant's conduct was unlawful.   While the government must show that a defendant knew that the conduct was unlawful, the government does not need to prove that the defendant was aware of the specific law that the defendant's conduct violated.

27

The government also does not need to prove that the defendant knew that the property belonged to the United States.

You must decide whether the value of the property damaged was $1,000 or more.   Value means fair market value at the time when and the place where the property was allegedly damaged or destroyed.   The fair market value of the damaged or destroyed property is measured by the cost of repairing or the cost of replacing the property, whichever is less.   Do not speculate or guess at the value of the property.   Base your determination only on the evidence.

<u>Attempt</u>

In Count Five, Kelly Meggs, Kenneth Harrelson, and Jessica Watkins are also charged with attempting to commit the crime of injuring, damaging, or destroying property of the United States. An attempt to commit this crime is against the law even if a defendant did not actually complete the crime.

In order to find the defendant guilty of attempt to commit the crime of injuring, damaging, or destroying property of the United States, you must find that the government proved beyond a reasonable doubt each of the following two elements:

First, that the defendant intended to commit the crime of injuring, damaging, or destroying property of the United States, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing the crime of injuring, damaging, or destroying property of the United States, which strongly corroborates or confirms that the defendant intended to commit that crime.

The principles governing attempt that I explained above apply here as well.

<u>Aiding and Abetting</u>

The government further alleges Kelly Meggs, Kenneth Harrelson, and Jessica Watkins aided and abetted others to commit, or attempt to commit, the crime of injuring, damaging, or destroying property of the United States, as charged in Count Five.

In order to find a defendant guilty of this offense because the defendant aided and abetted others in committing it, or attempting to commit it, you must find that the government proved beyond a reasonable doubt the following five requirements:

First, that others committed, or attempted to commit, the crime of injuring, damaging, or destroying property of the United States, as I have explained above.

Second, that the defendant knew that this offense was going to be committed, was being committed, or was attempted to be committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing, or attempting to commit, the offense.

Fifth, that the defendant did that act or acts with the intent that others commit, or attempt to commit, the offense.

The principles governing aiding and abetting that I explained above apply here as well.

<u>Concluding Remark for Count Five</u>

A defendant may be found guilty of the offense charged in Count Five if the defendant injured, damaged, or destroyed property of the United States, attempted to do so, or aided and abetted others in doing so.   Each of these three ways of committing the offense is described in the instructions that I have given you.   You are not required to consider the ways of committing this offense in any particular order.   If you find beyond a reasonable doubt that the defendant committed the offense of injuring, damaging, or destroying property of the United States in any one of these three ways, you should find the defendant guilty of Count Five and you need not consider whether the defendant committed the offense in the other two ways.

**[45] Proposed Instruction for Interference with Officers During a Civil Disorder**

Count Six charges Jessica Watkins with committing an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, which is a violation of federal law.   Count Six also charges Jessica Watkins with *attempting* to commit this offense and with *aiding and abetting* others to commit this offense.   I will first explain the elements of the substantive offense, along with its associated definitions.   Then, I will explain how to determine whether the defendant attempted the offense.   Finally, I will explain how to determine if the defendant aided and abetted others to commit the offense.

<u>Elements</u>

In order to find Jessica Watkins guilty of obstructing officers during a civil disorder, you must find the following four elements beyond a reasonable doubt:

First, the defendant knowingly committed an act.

Second, in committing that act, the defendant intended to obstruct, impede, or interfere with one or more law enforcement officers.

Third, at the time of the defendant's actual act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Fourth, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

Definitions

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia. It also means commerce wholly within the District of Columbia.

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.

The term "department" includes executive departments.  The Department of Homeland Security, which includes the United States Secret Service, is an executive department.

The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.

Attempt

In Count Six, Jessica Watkins is also charged with attempting to commit the crime of obstructing officers during a civil disorder.   An attempt to obstruct officers during a civil disorder

is a federal crime even if the defendant did not actually complete the crime of obstructing officers during a civil disorder.

In order to find the defendant guilty of attempt to commit the crime of obstructing officers during a civil disorder, you must find that the government proved beyond a reasonable doubt each of the following two elements:

First, that the defendant intended to commit the crime of obstructing officers during a civil disorder, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing the crime of obstructing officers during a civil disorder, which strongly corroborates or confirms that the defendant intended to commit that crime.

The principles governing attempt that I explained above apply here as well.

<u>Aiding and Abetting</u>

The government further alleges Jessica Watkins aided and abetted others to commit, or attempt to commit, the crime of obstructing, impeding, or interfering with law enforcement officers lawfully carrying out their official duties incident to a civil disorder as charged in Count Six.

In order to find the defendant guilty of this offense because she aided and abetted others in committing it or attempting to commit it, you must find the that the government proved beyond a reasonable doubt the following five requirements:

First, that others committed, or attempted to commit, the crime of obstructing, impeding, or interfering with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, as I have explained above.

Second, that the defendant knew that this offense was going to be committed, was being committed, or was attempted to be committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing, or attempting to commit, the offense.

Fifth, that the defendant did that act or acts with the intent that others commit, or attempt or commit, the offense.

The principles governing aiding and abetting that I explained above apply here as well.

<u>Concluding Remark for Count Six</u>

A defendant may be found guilty of the offense charged in Count Six if the defendant committed an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, attempted to do so, or aided and abetted others in doing so.   Each of these three ways of committing the offense is described in the instructions that I have given you.   You are not required to consider the ways of committing this offense in any particular order.   If you find beyond a reasonable doubt that the defendant committed the offense of obstructing, impeding, or interfering with law enforcement officers lawfully carrying out their official duties incident to a civil disorder in any one of these three ways, you should find the defendant guilty of Count Six and you need not consider whether the defendant committed the offense in the other two ways.

**[46] Proposed Instruction for Obstruction of Justice for Tampering with Documents or Proceedings**

Four of the five defendants are charged with obstruction of justice for tampering with documents or proceedings:

In Count Seven, Stewart Rhodes is charged with encouraging others to delete media, files, and communications that showed their involvement in the conduct being investigated by the grand jury.

In Count Eight, Kelly Meggs is charged with deleting from his cellular telephone certain media, files, and communications that showed his involvement in the conduct being investigated by the grand jury.

In Count Nine, Kenneth Harrelson is charged with deleting from his cellular telephone certain media, files, and communications that showed his involvement in the conduct being investigated by the grand jury.

In Count Ten, Thomas Caldwell is charged with deleting from his Facebook account certain media, files, and communications that showed his involvement in the conduct being investigated by the grand jury.

These counts also charge the same four defendants with *attempting* to commit obstruction of justice for tampering with documents or proceedings.   Additionally, Stewart Rhodes is charged with *aiding and abetting* others to commit that offense.   I will first explain the elements of the substantive offense.   I will then instruct you on the elements for attempting to commit the crime, and, for Stewart Rhodes, aiding and abetting others to commit the crime.

<u>Elements</u>

In order for you to find a defendant guilty of obstruction of justice for tampering with documents or proceedings, the government must prove each of the following four elements beyond a reasonable doubt:

First, the defendant altered, destroyed, mutilated, or concealed a record, document, or other object;

Second, the defendant acted knowingly;

Third, the defendant acted corruptly, and

Fourth, the defendant acted with the intent to impair the object's integrity or availability for use in an official proceeding.

<u>Definitions</u>

The definitions of "knowingly" and "corruptly" that I explained above in connection with Counts Two and Three apply here as well.

The term "official proceeding" includes a grand jury proceeding.   The official proceeding need not be pending or about to be instituted at the time of the offense.   If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.   As used in Counts Seven through Ten, the term "official proceeding" means the grand jury's investigation into the role of Stewart Rhodes, Kelly Meggs, Kenneth Harrelson, Jessica Watkins, Thomas Caldwell, and others in the attack on the United States Capitol on January 6, 2021.

While the defendant must act with intent to obstruct the official proceeding, this need not be the defendant's sole purpose.   A defendant's unlawful intent to obstruct justice is not negated by the simultaneous presence of another purpose for the defendant's conduct.

## Attempt

In Counts Seven, Eight, Nine, and Ten, Stewart Rhodes, Kelly Meggs, Kenneth Harrelson, and Thomas Caldwell are also charged with attempt to commit the crime of obstruction of justice for tampering with documents or proceedings.   An attempt to commit obstruction of justice for tampering with documents or proceedings is a crime even if the defendant did not actually complete the crime.   In order to find the defendant guilty of attempt to commit obstruction of justice for tampering with documents or proceedings, you must find that the government proved beyond a reasonable doubt each of the following two elements:

First, that the defendant intended to commit the crime of obstruction of justice for tampering with documents or proceedings, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing obstruction of justice for tampering with documents or proceedings which strongly corroborates or confirms that the defendant intended to commit that crime.

The principles governing attempt that I explained above apply here as well.

## Aiding and Abetting

The government further alleges that Stewart Rhodes aided and abetted others in committing, or attempting to commit, obstruction of justice for tampering with documents or proceedings as charged in Count Seven.

In order to find the defendant guilty of this offense because he aided and abetted others in committing it, or attempting to commit it, you must find the that the government proved beyond a reasonable doubt the following five requirements:

First, that others committed, or attempted to commit, obstruction of justice for tampering with documents or proceedings by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that obstruction of justice for tampering with documents or proceedings was going to be committed, was being committed, or was attempted to be committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing, or attempting to commit, the offense of obstruction of justice for tampering with documents or proceedings

Fifth, that the defendant did that act or acts with the intent that others commit, or attempt to commit, the offense of obstruction of justice for tampering with documents or proceedings.

The principles governing aiding and abetting that I explained above apply here as well.

<u>Concluding Remark for Counts Seven, Eight, Nine, and Ten</u>

A defendant may be found guilty of the offense charged in Counts Seven, Eight, Nine, and Ten if the defendant obstructed justice by tampering with documents or proceedings, or attempted to do so.   Each of these two ways of committing the offense is described in the instructions that I have given you.   You are not required to consider the ways of committing this offense in any particular order.   If you find beyond a reasonable doubt that the defendant committed the offense of obstruction of justice for tampering with documents or proceeding in either of these two ways, you should find the defendant guilty of Count Seven, Eight, Nine, or Ten, and you need not consider whether the defendant committed the offense in the other way.   Similarly, Stewart Rhodes may be found guilty of the offense charged in Count Seven if he aided and abetted others

to obstruct justice by tampering with documents or proceedings.   If you find that he committed the offense in one of the three ways described above, you need not consider whether he committed the offense in the other two ways.